## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TINA CAMPANALE and
JACK CAMPANALE
individuals,

          Plaintiffs,

v.

CAPITAL ONE SERVICES, LLC,
a foreign limited liability company,

          Defendant.

_____/

Case No.:

COMPLAINT AND
DEMAND FOR A JURY
TRIAL
(Unlawful Debt Collection
Practices)

## VERIFIED COMPLAINT

**COME NOW,** Plaintiffs, TINA AND JACK CAMPANALE (hereinafter collectively, "Plaintiffs"), by and through the undersigned counsel, and sue Defendant, CAPITAL ONE SERVICES, LLC (hereinafter, "Defendant"), and allege:

## INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. 227 (hereinafter, the "TCPA").

## JURISDICTION AND VENUE

1.    This Court has full diversity jurisdiction over the FCCPA and TCPA claims pursuant to 28 U.S.C. §§1332(a) and 1332(c)(1), respectively, because of the diversity of citizenship between the parties and an amount in controversy exceeding the sum of $75,000.00 exclusive of interest and costs.  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.     Plaintiff, Tina Campanale, is a natural person residing in Pinellas County, Florida.

3.     Plaintiff, Jack Campanale, is a natural person residing in Gwinnett County, Georgia.

4.     Defendant is a foreign limited liability company existed under the laws of Delaware[1] that, itself and through its subsidiaries, regularly extends credit to consumers in Pinellas County, Florida.

5.     Venue in this District is proper because the Defendant transacts business in this District and the conduct complained of occurred in this District.

## GENERAL ALLEGATIONS

6.     At all times herein, Defendant is a "creditor" as defined by Florida Statute §559.55. Specifically, Defendant attempts to collect a debt from Tina that was allegedly incurred by Jack (hereinafter, "the Debt").

7.     At all material times herein, the Debt was a consumer debt, incurred primarily for "personal, family or household purposes" as defined in Florida Statute §559.77.

8.     At all material times herein, Plaintiff Jack Campanale was obligated to pay the Debt, as expressly and implicitly alleged by Defendant, and thus was a "debtor" as defined by Florida Statute §559.55.

9.     At all material times herein, Plaintiff Tina Campanale was allegedly obligated to pay the Debt, and thus was a "debtor" as defined by Florida Statute §559.55.

---

[1] Capital One Services, LLC is a Delaware corporation according to the records of the secretary of state of the state of Florida, http://www.sunbiz.org (access August 11, 2011), with its principal place of business being located in McLean, Virginia, and is thus a "foreign state resident." 28 U.S.C. § 1332(c)(1).

10.     Tina Campanale is the daughter of Jack Campanale; Defendant knew of the Plaintiff's familial relationship.  At no material time herein did Tina Campanale and Jack Campanale ever reside at the same household.

11.     At no material time herein did Tina Campanale have a business relationship with Defendant in connection with the Debt or otherwise.

12.     At all material times herein, the Defendant was a "person" as pursuant to Florida Statute §559.72. *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

13.     At all times herein, the Defendant's conduct with regard to the Debt complained of below qualifies as a "communication" as defined by Florida Statute §559.55.

14.     Florida Statute §559.77 provides for the award of up to $1,000.00 statutory damages per adverse adjudication, plus actual damages and an award of attorneys' fees to each of the Plaintiffs should the Plaintiffs prevail in this matter.

15.     Title 47 of the United States Code, Section 227(b)(3) (hereinafter, "TCPA") provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made by an automatic telephone dialing system to Plaintiff Tina Campanale's cellular telephone in violation of the TCPA or the regulations proscribed under the TCPA.

16.     Additionally, 47 U.S.C. 227(b)(3) allows the trial court to increase the penalty up to three times (3x) for each telephone call made by an automatic telephone dialing system to Plaintiff Tina Campanale's cellular telephone, knowingly and willfully made in violation of the TCPA or the regulations proscribed under the TCPA.

17.     At all times herein, Defendant had knowledge of the TCPA and its terms and prohibitions.

18.    At all times herein, it would have been possible for Defendant to avoid violating the terms of the TCPA.

19.    Defendant's telephone calls, as alleged herein, were made to Tina Campanale's cellular telephone using an automatic dialing system or an artificial or pre-recorded voice and were made in willful and knowing violation of the TCPA.

20.    As of the date of this complaint, Defendant has not initiated a law suit in its efforts to collect the Debt.  Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, the Defendant.

21.    Plaintiffs have retained the law firm of Leavengood, Nash, Dauval & Boyle, P.A. (hereinafter, "Undersigned Counsel"), for the purpose of pursuing this matter against the Defendant and are obligated to pay them a reasonable fee for their services and are obligated to reimburse them for any costs advanced on Plaintiffs' behalf.

22.    All conditions precedent to the filing of the action occurred or have been waived by the Defendant.

## ALL COMMUNICATIONS REGARDING THE DEBT

23.    Commencing approximately in the month of February 2011 and continuing through June 2011, Defendant continually and repeatedly called Tina Campanale (hereinafter collectively, "the Calls") using an "automatic dialing system or artificial or pre-recorded voice," as defined by the TCPA.   The Calls are specifically itemized beginning with paragraph 25 and then again with paragraph 36, below.

24.    The Calls cumulatively caused Tina Campanale to believe the Defendant alleged she owed the Debt, and that she had to choose between paying the wrongfully

asserted Debt and continuing to receive Defendant's misdirected communications.

25.    On or about February 10, 2011, in the afternoon or evening (hereinafter defined as "Call 1"), Defendant's representative "Anthony" called Tina Campanale's cellular telephone in an attempt to collect the Debt. Tina Campanale first advised Defendant that it had the wrong number, but when she realized Defendant was referring to her father, she informed Defendant that her father lives in another state and she does not have anything to do with his financial affairs. Tina Campanale requested that Defendant not call her again and terminated the call.

26.    On or about February 17, 2011, at approximately 1:22 P.M. ED (hereinafter defined as "Call 2"), upon receiving an automated telephone call from Defendant on Tina Campanale's cellular telephone, Tina Campanale followed the messages instructions to press "2" if the person was not Jack Campanale. Tina pressed "2" and the call forwarded to Defendant's representative, Anthony's, voicemail. Tina Campanale left a message, again informing Defendant that her father lives in another state and she does not have anything to do with his financial affairs. Tina Campanale requested that Defendant not call her again.

27.    On or about March 2, 2011, at approximately 1:27 P.M. ET (hereinafter defined as "Call 3"), upon receiving an automated telephone call from Defendant on Tina Campanale's cellular telephone, Tina Campanale followed the messages instructions to press "2" if the person was not Jack Campanale. Tina Campanale pressed "2" and was able to speak with an unidentified operator, and explained to the Defendant again that she is not the person Defendant is calling to reach and requested she be removed from the "auto dial" list. Defendant's representative asked for Plaintiff Tina Campanale's number so that it could be taken out of Defendant's system and said that she would "take care of it."

28.    On or about March 4, 2011 Plaintiff Tina Campanale retained Undersigned Counsel to represent her with regard to Defendant's attempts to collect the Debt.

29.    On or about March 4, 2011, at approximately 12:50 P.M. ET, Undersigned Counsel faxed to Defendant a notice of representation and letter disputing the validity of the Debt and demanding that all communications with Tina Campanale cease (hereinafter "First Cease and Desist Letter"). The First Cease and Desist Letter additionally reminded Defendant of the relevant TCPA provisions and provided Defendant with Plaintiff Tina Campanale's cellular telephone number so that it could be removed from the system. Undersigned Counsel then mailed Defendant a copy of the same via USPS certified mail. Please see attached a true and correct copy of the First Cease and Desist Letter labeled as Exhibits "A1-A3."

30.    On or about March 5, 2011, Defendant acknowledged Undersigned Counsel's representation of Plaintiff Tina Campanale with regard to the Debt in a response letter Defendant mailed to Undersigned Counsel's office. Defendant's response letter was addressed to Tina Campanale, with Undersigned Counsel included as the care-of addressee. The letter also included Undersigned Counsel's original fax to Defendant. Please see attached a true and correct copy of Defendant's response letter acknowledging representation of Tina Campanale by Undersigned Counsel labeled Exhibit "B1-B3."

31.    On or about March 16, 2011, at approximately 1:20 P.M. ET, hereinafter defined as "Call 26"), upon receiving an automated telephone call from Defendant on Tina Campanale's cellular telephone, Tina Campanale followed the messages instructions to press "2" if the person was not Jack Campanale. Tina Campanale pressed "2" and left a voicemail for Defendant's representative, Anthony, telling Defendant not to call her anymore. Tina

Campanale also reminded Defendant of Undersigned Counsel's First Cease and Desist Letter. Tina Campanale then provided her name, the name of the person Defendant was trying to reach, and her cellular telephone number so Defendant could take her out of the auto dial system. Tina Campanale concluded the voicemail by repeating her request that Defendant cease calling her.

32. On or about March 21, 2011, at approximately 5:44 P.M. ET (hereinafter defined as "Call 30"), despite having repeatedly received actual notice that Tina Campanale was not a party in interest to the Debt, the actual debtor could not be reached via her cellular telephone number, and that Tina Campanale was represented by Undersigned Counsel with regard to Defendant's attempt to collect the Debt, Defendant called Tina Campanale's cellular telephone in an attempt to collect the Debt. Defendant's representative did not identify himself, and asked for Jack Campanale. Tina Campanale told Defendant's representative that she was represented by Undersigned Counsel with regard to the Debt, that Jack Campanale cannot be reached at Tina Campanale's number, and that she has told this to Defendant several times. Defendant's representative then hung up on Tina Campanale.

33. On or about May 4, 2011, at approximately 2:53 P.M. ET (hereinafter defined as "Call 93"), despite having repeatedly received actual notice that Tina Campanale was not a party in interest to the Debt, that the actual debtor could not be reached via her cellular telephone number, and that Tina Campanale was represented by Undersigned Counsel with regard to Defendant's attempt to collect the Debt, Defendant's representative, "Anthony," called Tina Campanale's cellular telephone in an attempt to collect the Debt. Anthony asked for Jack Campanale. Tina Campanale again advised Anthony of Undersigned Counsel's representation of her with regard to the Debt, that Defendant has the wrong number, and that

Defendant should stop calling her.  Anthony then hung up on Tina Campanale.

34.     On or about May 25, 2011, at approximately 4:07 P.M. ET, Undersigned Counsel faxed to Defendant a second notice of representation and letter disputing the validity of the Debt and demanding that all communications with Tina Campanale cease (hereinafter "Second Cease and Desist Letter"). Undersigned Counsel then mailed Defendant, both Capital One Bank and Capital One Services, a copy of the same via USPS certified mail. Please see attached a true and correct copy of the Second Cease and Desist Letter, as well as the letter sent via USPS certified mail to Capital One, labeled as Exhibits "C1-C3" and "D1-D2," respectively.

35.     On or about June 6, 2011, at approximately 1:55 P.M. ET (hereinafter defined as "Call 120"), despite having actual knowledge that Tina Campanale was not a party in interest to the Debt, the actual debtor could not be reached via her cellular telephone number, and that Tina Campanale was represented by Undersigned Counsel with regard to Defendant's attempt to collect the Debt, plus having received multiple cease and desist letters from Undersigned Counsel in regards to the calls to Tina Campanale, Defendant's representative, "Anthony," called Tina Campanale's cellular telephone in an attempt to collect the Debt.  Anthony asked for Jack Campanale and immediately hung up on Tina Campanale when she started to advise him of Undersigned Counsel's representation of her with regard to the Debt.

## THE CALLS

36.     Defendant called Tina Campanale on her cellular telephone on each of the below itemized occasions using an automatic dialing system, without possessing her prior express consent to do so:

a.      On or about February 10, 2011, in the afternoon or evening ("Call 1");

b.      On or about February 17, 2011, at approximately 1:22 P.M. ET ("Call 2");

c.      On or about February 17, 2011, at approximately 4:07 P.M. ET ("Call 3");

d.      On or about February 18, 2011, at approximately 1:20 P.M. ET ("Call 4");

e.      On or about February 19, 2011, at approximately 10:09 A.M. ET ("Call 5");

f.      On or about February 22, 2011, at approximately 10:10 A.M. ET ("Call 6");

g.      On or about February 23, 2011, at approximately 1:14 P.M. ET ("Call 7");

h.      On or about February 24, 2011, at approximately 1:21 P.M. ET ("Call 8");

i.      On or about February 25, 2011, at approximately 1:05 P.M. ET ("Call 9");

j.      On or about February 26, 2011, at approximately 10:50 A.M. ET ("Call 10");

k.      On or about February 27, 2011, at approximately 3:08 P.M. ET ("Call 11");

l.      On or about March 1, 2011, at approximately 10:44 A.M. ET ("Call 12");

m.      On or about March 2, 2011, at approximately 1:27 P.M. ET ("Call 13");

n.      On or about March 3, 2011, at approximately 10:46 A.M. ET ("Call 14");

o.      On or about March 3, 2011, at approximately 1:06 P.M. ET ("Call 15");

p.      On or about March 8, 2011, at approximately 10:28 A.M. ET ("Call 16");

q.      On or about March 8, 2011, at approximately 1:27 P.M. ET ("Call 17");

r.      On or about March 8, 2011, at approximately 4:25 P.M. ET ("Call 18");

s.      On or about March 9, 2011, at approximately 10:48 A.M. ET ("Call 19");

t.      On or about March 10, 2011, at approximately 1:06 P.M. ET ("Call 20");

u.      On or about March 10, 2011, at approximately 4:33 P.M. ET ("Call 21");

v.      On or about March 11, 2011, at approximately 10:37 A.M. ET ("Call 22");

w.      On or about March 14, 2011, at approximately 1:28 P.M. ET ("Call 23");

x.      On or about March 15, 2011, at approximately 10:36 A.M. ET ("Call 24");

y.      On or about March 16, 2011, at approximately 10:24 A.M. ET ("Call 25");

z.      On or about March 16, 2011, at approximately 1:20 P.M. ET ("Call 26");

aa.     On or about March 17, 2011, at approximately 10:31 A.M. ET ("Call 27");

bb.     On or about March 19, 2011, at approximately 10:31 A.M. ET ("Call 28");

cc.     On or about March 21, 2011, at approximately 1:34 P.M. ET ("Call 29");

dd.     On or about March 21, 2011, at approximately 5:44 P.M. ET ("Call 30");

ee.     On or about March 22, 2011, at approximately 10:31 A.M. ET ("Call 31");

ff.     On or about March 23, 2011, at approximately 10:30 A.M. ET ("Call 32");

gg.     On or about March 23, 2011, at approximately 1:44 P.M. ET ("Call 33");

hh.     On or about March 24, 2011, at approximately 10:33 A.M. ET ("Call 34");

ii.     On or about March 24, 2011, at approximately 1:26 P.M. ET ("Call 35");

jj.     On or about March 25, 2011, at approximately 10:19 A.M. ET ("Call 36");

kk.     On or about March 25, 2011, at approximately 1:16 P.M. ET ("Call 37");

ll.     On or about March 25, 2011, at approximately 4:14 P.M. ET ("Call 38");

mm.     On or about March 28, 2011, at approximately 10:32 A.M. ET ("Call 39");

nn.     On or about March 28, 2011, at approximately 1:27 P.M. ET ("Call 40");

oo.     On or about March 29, 2011, at approximately 10:34 A.M. ET ("Call 41");

pp.     On or about March 29, 2011, at approximately 1:38 P.M. ET ("Call 42");

qq.     On or about March 29, 2011, at approximately 4:26 P.M. ET ("Call 43");

rr.     On or about March 29, 2011, at approximately 7:26 P.M. ET ("Call 44");

ss.     On or about March 30, 2011, at approximately 10:32 A.M. ET ("Call 45");

tt.     On or about March 30, 2011, at approximately 1:27 P.M. ET ("Call 46");

uu.    On or about March 30, 2011, at approximately 4:22 P.M. ET ("Call 47");

vv.    On or about March 30, 2011, at approximately 7:20 P.M. ET ("Call 48");

ww.    On or about March 31, 2011, at approximately 4:33 P.M. ET ("Call 49");

xx.    On or about April 1, 2011, at approximately 10:31 A.M. ET ("Call 50");

yy.    On or about April 1, 2011, at approximately 1:28 P.M. ET ("Call 51");

zz.    On or about April 1, 2011, at approximately 4:23 P.M. ET ("Call 52");

aaa.   On or about April 1, 2011, at approximately 7:35 P.M. ET ("Call 53");

bbb.   On or about April 4, 2011, at approximately 1:32 P.M. ET ("Call 54");

ccc.   On or about April 4, 2011, at approximately 4:27 P.M. ET ("Call 55");

ddd.   On or about April 4, 2011, at approximately 7:25 P.M. ET ("Call 56");

eee.   On or about April 5, 2011, at approximately 10:33 A.M. ET ("Call 57");

fff.   On or about April 6, 2011, at approximately 1:22 P.M. ET ("Call 58");

ggg.   On or about April 6, 2011, at approximately 4:36 P.M. ET ("Call 59");

hhh.   On or about April 6, 2011, at approximately 7:30 P.M. ET ("Call 60");

iii.   On or about April 7, 2011, at approximately 4:31 P.M. ET ("Call 61");

jjj.   On or about April 7, 2011, at approximately 7:27 P.M. ET ("Call 62");

kkk.   On or about April 8, 2011, at approximately 10:32 A.M. ET ("Call 63");

lll.   On or about April 8, 2011, at approximately 1:27 P.M. ET ("Call 64");

mmm.   On or about April 8, 2011, at approximately 4:24 P.M. ET ("Call 65");

nnn.   On or about April 8, 2011, at approximately 7:22 P.M. ET ("Call 66");

ooo.   On or about April 9, 2011, at approximately 10:29 A.M. ET ("Call 67");

ppp.   On or about April 11, 2011, at approximately 10:35 A.M. ET ("Call 68");

qqq.   On or about April 11, 2011, at approximately 1:27 P.M. ET ("Call 69");

rrr.     On or about April 12, 2011, at approximately 10:38 A.M. ET ("Call 70");

sss.     On or about April 13, 2011, at approximately 10:31 A.M. ET ("Call 71");

ttt.     On or about April 14, 2011, at approximately 10:35 A.M. ET ("Call 72");

uuu.     On or about April 15, 2011, at approximately 10:38 A.M. ET ("Call 73");

vvv.     On or about April 15, 2011, at approximately 1:36 P.M. ET ("Call 74");

www.     On or about April 15, 2011, at approximately 4:30 P.M. ET ("Call 75");

xxx.     On or about April 15, 2011, at approximately 7:28 P.M. ET ("Call 76");

yyy.     On or about April 16, 2011, at approximately 10:31 A.M. ET ("Call 77");

zzz.     On or about April 16, 2011, at approximately 1:28 P.M. ET ("Call 78");

aaaa.    On or about April 16, 2011, at approximately 4:23 P.M. ET ("Call 79");

bbbb.    On or about April 18, 2011, at approximately 10:56 A.M. ET ("Call 80");

cccc.    On or about April 19, 2011, at approximately 4:17 P.M. ET ("Call 81");

dddd.    On or about April 20, 2011, at approximately 10:36 A.M. ET ("Call 82");

eeee.    On or about April 21, 2011, at approximately 4:17 P.M. ET ("Call 83");

ffff.    On or about April 22, 2011, at approximately 4:40 P.M. ET ("Call 84");

gggg.    On or about April 25, 2011, at approximately 10:58 A.M. ET ("Call 85");

hhhh.    On or about April 26, 2011, at approximately 10:29 A.M. ET ("Call 86");

iiii.    On or about April 27, 2011, at approximately 10:45 A.M. ET ("Call 87");

jjjj.    On or about April 28, 2011, at approximately 10:31 A.M. ET ("Call 88");

kkkk.    On or about April 28, 2011, at approximately 1:34 P.M. ET ("Call 89");

llll.    On or about April 29, 2011, at approximately 10:37 A.M. ET ("Call 90");

mmmm.    On or about May 2, 2011, at approximately 4:30 P.M. ET ("Call 91");

nnnn.    On or about May 3, 2011, at approximately 10:30 A.M. ET ("Call 92");

oooo.    On or about May 4, 2011, at approximately 2:53 P.M. ET ("Call 93");

pppp.    On or about May 4, 2011, at approximately 4:37 P.M. ET ("Call 94");

qqqq.    On or about May 5, 2011, at approximately 10:37 A.M. ET ("Call 95");

rrrr.    On or about May 7, 2011, at approximately 4:30 P.M. ET ("Call 96");

ssss.    On or about May 9, 2011, at approximately 10:35 A.M. ET ("Call 97");

tttt.    On or about May 10, 2011, at approximately 10:28 A.M. ET ("Call 98");

uuuu.    On or about May 11, 2011, at approximately 10:28 A.M. ET ("Call 99");

vvvv.    On or about May 12, 2011, at approximately 10:30 A.M. ET ("Call 100");

wwww.    On or about May 13, 2011, at approximately 10:33 A.M. ET ("Call 101");

xxxx.    On or about May 16, 2011, at approximately 10:30 A.M. ET ("Call 102");

yyyy.    On or about May 17, 2011, at approximately 10:349 A.M. ET ("Call 103");

zzzz.    On or about May 18, 2011, at approximately 10:28 A.M. ET ("Call 104");

aaaaa.    On or about May 19, 2011, at approximately 10:29 A.M. ET ("Call 105");

bbbbb.    On or about May 19, 2011, at approximately 10:30 A.M. ET ("Call 106");

ccccc.    On or about May 20, 2011, at approximately 10:29 A.M. ET ("Call 107");

ddddd.    On or about May 23, 2011, at approximately 10:31 A.M. ET ("Call 108");

eeeee.    On or about May 23, 2011, at approximately 1:32 P.M. ET ("Call 109");

fffff.    On or about May 24, 2011, at approximately 10:30 A.M. ET ("Call 110");

ggggg.    On or about May 25, 2011, at approximately 10:27 A.M. ET ("Call 111");

hhhhh.    On or about May 26, 2011, at approximately 10:30 A.M. ET ("Call 112");

iiiii.    On or about May 27, 2011, at approximately 10:28 A.M. ET ("Call 113");

jjjjj.    On or about May 28, 2011, at approximately 10:26 A.M. ET ("Call 114");

kkkkk.    On or about May 31, 2011, at approximately 10:28 A.M. ET ("Call 115");

lllll.      On or about May 31, 2011, at approximately 1:33 P.M. ET ("Call 116");

mmmmm.   On or about June 1, 2011, at approximately 10:38 A.M. ET ("Call 117");

nnnnn.   On or about June 2, 2011, at approximately 4:19 P.M. ET ("Call 118");

ooooo.   On or about June 6, 2011, at approximately 10:35 A.M. ET ("Call 119");

ppppp.   On or about June 6, 2011, at approximately 1:55 P.M. ET ("Call 120");

qqqqq.   On or about June 7, 2011, at approximately 10:33 A.M. ET ("Call 121");

rrrrr.   On or about June 8, 2011, at approximately 10:00 A.M. ET ("Call 122");

sssss.   On or about June 8, 2011, at approximately 1:00 P.M. ET ("Call 123");

ttttt.   On or about June 8, 2011, at approximately 4:00 P.M. ET ("Call 124");

uuuuu.   On or about June 8, 2011, at approximately 7:00 P.M. ET ("Call 125");

vvvvv.   On or about June 9, 2011, at approximately 10:29 A.M. ET ("Call 126");

wwwww.   On or about June 10, 2011, at approximately 10:28 A.M. ET ("Call 127");

37.     Each of the Calls was made to Tina Campanale's cellular telephone number 727.641.8485

38.     Each of the Calls was made by Defendant using an "automatic dialing system or artificial or pre-recorded voice," as defined by the TCPA, from telephone number 804.482.6667, unless otherwise known and indicated.

39.     Neither Tina Campanale nor Jack Campanale ever gave Defendant express consent to call Tina Campanale's cellular telephone using an automatic dialing system or to leave a message using a pre-recorded voice.

40.     Neither Tina Campanale nor Jack Campanale ever gave Defendant consent to communicate with Tina Campanale regarding the Debt.

41.     Each of the Calls was willfully made for the following purposes:

a.      Asserting and alleging that Tina Campanale owed the Debt;

b.      Attempting to collect the Debt from Tina Campanale; or Jack Campanale

c.      Harassing or abusing Jack Campanale.

## FCCPA CLAIMS

### COUNT I – CALL 1

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

42.     With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

43.     With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

44.     As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT II – CALL 2

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

45.     With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

46.     With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

47.     As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT III – CALL 3

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

48.     With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

49.     With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

50.     As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT IV – CALL 4

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

51.     With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

52.     With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

53.     As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the

FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT V – CALL 5

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

54.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

55.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

56.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT VI – CALL 6

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

57.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to

attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

58.     With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

59.     As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT VII – CALL 7

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

60.     With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

61.     With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

62.     As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT VIII – CALL 8

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

63.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

64.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

65.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT IX – CALL 9

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

66. With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

67. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

68. As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT X – CALL 10

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

69. With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

70. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

71.     As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XI – CALL 11

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

72.     With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

73.     With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

74.     As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT XII – CALL 12

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

75.     With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

76.     With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

77.     As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT XII – CALL 13

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

78.     With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

79.     With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

80.     As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT XIV – CALL 14

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

81.     With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

82.     With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

83.     As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the

FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

**COUNT XV – CALL 15**

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

84.     With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

85.     With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

86.     As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

**COUNT XVI – CALL 16**

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

87.     With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to

attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

88.     With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

89.     With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

90.     As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT XVI I– CALL 17

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

91.     With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

92.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

93.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

94.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT XVI II– CALL 18

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

95.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

96.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

97.     With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

98.     As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT XIX – CALL 19

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

99.     With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

100.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

101.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with

Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

102.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XX – CALL 20

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

103.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

104.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

105.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

106.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XXI – CALL 21

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

107.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

108.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

109.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

110.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

<u>**COUNT XXII – CALL 22**</u>

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

111.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

112.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

113.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

114.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the

FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

**COUNT XXIII – CALL 23**

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

115.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

116.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

117.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

118.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XXIV – CALL 24

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

119.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

120.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

121.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

122.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XXV – CALL 25

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

123.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

124.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

125.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

126.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT XXVI – CALL 26

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

127.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to

attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

128.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

129.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

130.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT XXVII – CALL 27

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

131.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

132. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

133. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

134. As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XXVIII – CALL 28

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

135. With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

136. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

137.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

138.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XXIX – CALL 29

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

139.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

140.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

141.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with

Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

142.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XXX – CALL 30

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

143.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

144.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

145.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

146.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XXXI – CALL 31

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

147.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

148.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

149.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

150.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

**COUNT XXXII – CALL 32**

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

151.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

152.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

153.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

154.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the

FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT XXXIII – CALL 33

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

155.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

156.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

157.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

158.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT XXXIV – CALL 34

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

159.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

160.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

161.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

162.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT XXXV – CALL 35

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

163.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

164.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

165.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

166.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XXXVI– CALL 36

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

167.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to

attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

168.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

169.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

170.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT XXXVII– CALL 37

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

171.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

172.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

173.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

174.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT XXXVIII – CALL 38

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

175.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

176.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

177.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

178.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XXXIX – CALL 39

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

179.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

180.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

181.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with

Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

182.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XL– CALL 40

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

183.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

184.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

185.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

186.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XLI – CALL 41

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

187.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

188.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

189.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

190.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XLII – CALL 42

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

191.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

192.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

193.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

194.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the

FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

**COUNT XLIII – CALL 43**

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

195.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

196.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

197.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

198.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## Count XLIV – Call 44

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

199. With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

200. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

201. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

202. As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## Count XLV – Call 45

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

203. With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

204. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

205. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

206. As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XLVI – CALL 46

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

207. With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to

attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

208.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

209.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

210.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT XLVII – CALL 47

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

211.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

212.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

213.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

214.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XLVIII – CALL 48

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

215.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

216.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

217.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

218.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT XLIX – CALL 49

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

219.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

220.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

221.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with

Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

222.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT L – CALL 50

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

223.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

224.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

225.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

226. As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

<u>COUNT LI – CALL 51</u>

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

227. With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

228. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

229. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

230. As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

**COUNT LII – CALL 52**

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

231.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

232.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

233.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

234.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the

FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT LIII – CALL 53

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

235.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

236.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

237.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

238.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LIV – CALL 54

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

239.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

240.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

241.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

242.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LV – CALL 55

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

243.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

244.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

245.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

246.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LVI – CALL 56

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

247.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to

attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

248.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

249.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

250.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT LVII – CALL 57

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

251.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

252.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

253.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

254.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LVIII – CALL 58

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

255.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

256.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

257.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

258.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LIX – CALL 59

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

259.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

260.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

261.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with

Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

262.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### <u>COUNT LX – CALL 60</u>

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

263.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

264.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

265.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

266.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LXI – CALL 61

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

267.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

268.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

269.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

270.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LXII – CALL 62

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

271.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

272.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

273.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

274.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the

FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

**COUNT LXIII – CALL 63**

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

275.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

276.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

277.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

278.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LXIV – CALL 64

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

279.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

280.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

281.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

282.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LXV – CALL 65

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

283.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

284.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

285.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

286.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT LXVI – CALL 66

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

287.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to

attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

288.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

289.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

290.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT LXVII – CALL 67

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

291.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

292.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

293.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

294.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LXVIII – CALL 68

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

295.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

296.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

297.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

298.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LXIX – CALL 69

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

299.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

300.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

301.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with

Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

302. As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LXX – CALL 70

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

303. With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

304. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

305. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

306. As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LXXI – CALL 71

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

307. With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

308. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

309. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

310. As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

**COUNT LXXII – CALL 72**

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

311.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

312.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

313.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

314.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the

FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LXXIII – CALL 73

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

315.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

316.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

317.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

318.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT LXXIV – CALL 74

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

319.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

320.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

321.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

322.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT LXXV – CALL 75

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

323. With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

324. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

325. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

326. As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LXXVI – CALL 76

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

327. With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to

attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

328.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

329.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

330.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

<u>**COUNT LXXVII – CALL 77**</u>

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

331.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

332.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

333.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

334.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LXXVIII – CALL 78

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

335.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

336.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

337.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

338.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LXXIX – CALL 79

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

339.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

340.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

341.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with

Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

342.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LXXX – CALL 80

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

343.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

344.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

345.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

346.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT LXXXI – CALL 81

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

347.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

348.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

349.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

350.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

<u>COUNT LXXXII – CALL 82</u>

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

351.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

352.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

353.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

354.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the

FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

<u>**COUNT LXXXIII – CALL 83**</u>

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

355.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

356.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

357.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

358.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT LXXXIV – CALL 84

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

359.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

360.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

361.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

362.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT LXXXV – CALL 85

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

363.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

364.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

365.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

366.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LXXXVI – CALL 86

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

367.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to

attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

368.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

369.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

370.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LXXXVII – CALL 87

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

371.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

372.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

373.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

374.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LXXXVIII – CALL 88

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

375.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

376.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

377.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

378.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT LXXXIX – CALL 89

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

379.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

380.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

381.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with

Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

382. As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

<u>**COUNT XC – CALL 90**</u>

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

383. With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

384. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

385. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

386. As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XCI – CALL 91

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

387. With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

388. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

389. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

390. As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

**COUNT XCII – CALL 92**

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

391.     With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

392.     With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

393.     With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

394.     As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the

FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT XCIII – CALL 93

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

395.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

396.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

397.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

398.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XCIV – CALL 94

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

399.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

400.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

401.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

402.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XCV – CALL 95

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

403. With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

404. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

405. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

406. As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XCVI – CALL 96

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

407. With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to

attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

408.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

409.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

410.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XCVII – CALL 97

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

411.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

412.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

413.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

414.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT XCVIII – CALL 98

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

415.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

416.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

417.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

418.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT XCIX – CALL 99

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

419.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

420.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

421.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with

Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

422.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT C – CALL 100

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

423.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

424.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

425.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

426.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

<u>**COUNT CI – CALL 101**</u>

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

427.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

428.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

429.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

430.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT CII – CALL 102

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

431.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

432.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

433.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

434.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the

FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT CIII – CALL 103

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

435.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

436.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

437.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

438.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT CIV – CALL 104

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

439.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

440.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

441.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

442.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT CV – CALL 105

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

443.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

444.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

445.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

446.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT CVI – CALL 106

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

447.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to

attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

448.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

449.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

450.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT CVII – CALL 107

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

451.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

452.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

453.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

454.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT CVIII – CALL 108

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

455.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

456.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

457.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

458.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT CIX – CALL 109

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

459.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

460.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

461.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with

Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

462.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT CX – CALL 110

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

463.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

464.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

465.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

466.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT CXI – CALL 111

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

467.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

468.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

469.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

470.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT CXII – CALL 112

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

471.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

472.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

473.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

474.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the

FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

**COUNT CXIII – CALL 113**

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

475. With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

476. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

477. With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

478. As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT CXIV – CALL 114

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

479.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

480.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

481.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

482.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT CXV – CALL 115

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

483.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

484.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

485.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

486.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

WHEREFORE, the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT CXVI – CALL 116

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

487.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to

attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

488.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

489.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

490.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT CXVII – CALL 117

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

491.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

492.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

493.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

494.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

WHEREFORE, the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT CXVIII – CALL 118

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

495.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

496.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

497.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

498.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT CXIX – CALL 119

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

499.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

500.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

501.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with

Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

502.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT CXX – CALL 120

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

503.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

504.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

505.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

506.     As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

### COUNT CXXI – CALL 121

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

507.     With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

508.     With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

509.     With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

510.     As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT CXXII – CALL 122

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

511.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

512.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

513.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

514.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the

FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

<u>**COUNT CXXIII – CALL 123**</u>

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

515.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

516.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

517.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

518.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT CXXIV – CALL 124

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

519.    With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

520.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

521.    With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

522.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT CXXV – CALL 125

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

523.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

524.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

525.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

526.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT CXXVI – CALL 126

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

527.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to

attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

528.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

529.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

530.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

<u>**COUNT CXXVI – CALL 127**</u>

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

531.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, when such a right does not exist.

532.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(9) by falsely asserting it had the right to attempt to collect the Debt from Tina Campanale when such a right does not exist.

533.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(18) by intentionally communicating with Tina Campanale after being given actual notice that she was represented by Undersigned Counsel with regard to the alleged Debt.

534.   As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages per independent collection attempt in violation of the FCCPA, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## COUNT CXXVII – ALL CALLS

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

535.   With respect to Plaintiff Jack Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(7) by communicating with Jack Campanale's daughter, Tina Campanale, with such frequency as could reasonably be expected to harass Jack and Tina Campanale.

536.   With respect to Plaintiff Tina Campanale, the Defendant is subject to, and has violated the provisions of, Florida Statute §559.72(7) by communicating with Tina Campanale with such frequency as could reasonably be expected to harass her.

537.    Moreover, Defendant knowingly and willfully engaged in conduct, namely the repeated, continued autodialing of Debt collection calls to Tina Campanale, a person who, herself and through Undersigned Counsel, advised Defendant she did not owe the Debt and demanded that Defendant take her cellular telephone number out of its system and cease all attempts to collect the Debt from her. Defendant, however, refused to cease and instead called her 120 more times using an autodialer.

538.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages, costs, interest, attorney fees, and such other equitable relief this Court deems appropriate.

## TCPA Claims

### COUNT CXXVIII

Plaintiff Tina Campanale repeats and re-alleges and incorporates by reference paragraphs 1-41 above and further states as follows:

539.    The Defendant is subject to, and has violated the provisions of, 47 U.S.C. 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to call Tina Campanale's cellular telephone without her prior express consent. To the extent Defendant did have such prior express consent, such consent was revoked upon Defendant's first call to Tina Campanale wherein she told Defendant not to call her again, as well as upon receipt of the Cease and Desist Letters.

540.    Each of the Calls made to Plaintiff Tina Campanale's cellular telephone was a call knowingly, willfully, and consciously made in violation of the TCPA.

541.   As a direct and approximate result of the Defendant's conduct, Plaintiff Tina Campanale has suffered:

      a.   The periodic loss of cellular telephone service;

      b.   Statutory damages under the TCPA;

      c.   The expenditure of costs and attorneys' fees associated with the prosecution of this matter, along with other damages which have been lost.

**WHEREFORE**, Plaintiff Tina Campanale requests this Court enter a judgment against the Defendant for $500.00 statutory damages per violation of the TCPA, treble statutory damages per knowing and willful violation of the TCPA, actual damages, costs, interest, including but limited to those awardable pursuant to the TCPA, and such other equitable relief this Court deems appropriate.

## COMMON LAW CLAIMS

### COUNT CXXIX – INVASION OF PRIVACY

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

542.   Defendant and its representatives intentionally interfered, physically or otherwise, with Plaintiffs' solitude, seclusion, and private concerns or affairs.

543.   Specifically, Defendant repeatedly and unlawfully called Tina Campanale's cellular telephone using an automatic dialing system at least 120 times within a span of four months.

544.   Defendant's behavior constitutes an invasion of Plaintiff Tina Campanale's privacy as an intrusion into her seclusion. Moreover, Tina Campanale possessed a heightened expectation of privacy with respect to communications from the Defendant regarding the

Debt, as Defendant could not lawfully contact Tina Campanale after receiving actual notice of Undersigned Counsel's representation of her with regard to the Debt.

545.    Additionally, Defendant's behavior constitutes an invasion of Plaintiff Jack Campanale's privacy as a publication of his private financial affairs to another person without his consent.  Through each call outlined above, Defendant effectively communicated to Jack Campanale's daughter that he owed a delinquent debt to Defendant, and that such Debt continued to be delinquent at the time of each respective call, as outlined above.

546.    Such invasions were unlawful, intentional, systematic, continuous, willful, and harassing, and were made with complete disregard of Plaintiffs' rights to privacy.

547.    All communications were made with the intent to invade Plaintiffs' constitutional expectation of right to privacy and were made with malicious intent to infringe upon Plaintiffs' reasonable expectation of privacy in Plaintiffs' solitude, seclusion, and private concerns or affairs.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for damages, costs, attorneys' fees, and such other equitable relief this Court deems appropriate.

## COUNT CXXIX – DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

548.    Unless the Defendant is immediately enjoined from continuing to harass Plaintiffs in its attempts to collect the Debt from her, including but not limited to continuously calling Tina Campanale from an automated dialing system in an attempt to collect the Debt from her despite her repeated attempts to advise Defendant that she does not

owe the Debt and implicitly and repeatedly communicating and reminding Tina Campanale of Jack Campanale's delinquency on the Debt, Plaintiffs will suffer irreparable injury.

549.    Plaintiffs have no adequate remedy at law.

550.    Plaintiffs have a clear legal right to the protections of the FCCPA and the TCPA.

551.    The requested injunction is reasonably necessary to protect the legal rights of Plaintiffs and will have no adverse effect on the public welfare.

**WHEREFORE,** Plaintiffs respectfully request this court to enter a judgment against the Defendant for the following:

a.    Declaratory relief against Defendant for violations of the FCCPA;

b.    Declaratory relief against Defendant for violations of the TCPA;

c.    Injunctive relief against Defendants for violations of the FCCPA and TCPA; and

d.    Such other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

552.    Please take notice that Plaintiffs demand trial by jury in this action.

Respectfully Submitted,

**LEAVENGOOD & NASH**

**Ian R. Leavengood, Esq., FBN 10167**
**LEAD TRIAL COUNSEL**
□ **Christopher C. Nash, Esq., FBN 135046**
□ **Heather M. Fleming, Esq. FBN 25971**
2958 First Avenue North
St. Petersburg, FL 33713
Phone:  (727) 327-3328
Fax: (727) 327-3305

ileavengood@leavenlaw.com
cnash@leavenlaw.com
hfleming@leavenlaw.com
Attorneys for Plaintiffs

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA

COUNTY OF PINELLAS

Jack Campanale, having first been duly sworn and upon oath, deposes and says as follows:

8.  I am a Plaintiff in this civil proceeding.

9.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

10. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

11. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

12. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

13. Each and every exhibit which has been attached to this Complaint is a true and correct copy of the original.

14. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Jack Campanale

Subscribed and sworn to before me
this _30_ day of _August_, 2011.

Notary Public

My Commission Expires:

_8/2/2014_

Proof of I.D.: _GA Driver License_

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA    )
                    )
COUNTY OF PINELLAS  )

Tina Campanale, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Subscribed and sworn to before me this 23 day of August, 2011.

My Commission Expires:

Tina Campanale

Notary Public

Proof of I.D.: C515 -815-68-717-0



PATRICIA A. ZUBAR
MY COMMISSION # DD752360
EXPIRES January 27, 2012
(407) 398-0153   FloridaNotaryService.com