IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
FLORIDA
TAMPA DIVISION

TINA CAMPANALE and
JACK CAMPANALE            CASE NO. 8:11-cv-2490
individuals,

       PLAINTIFFS,

v.

CAPITAL ONE SERVICES, LLC
a foreign limited liability company,

       DEFENDANT.

_____/

## DEFENDANT CAPITAL ONE SERVICES, LLC'S
## MOTION FOR PARTIAL DISMISSAL AND TO STRIKE
## AND INCORPORATED MEMORANDUM OF LAW

Defendant Capital One Services, LLC (COSLLC) moves this Court for partial

dismissal of Plaintiffs Tina and Jack Campanale's Verified Complaint pursuant to

Fed.R.Civ.P. 12(b)(6) and to strike certain allegations as more specifically argued below.

In support thereof, COSLLC states as follows:

### Introduction

The Campanales filed a 100-plus page Complaint in this Court, containing more

than 130 Counts and 500 numbered paragraphs. The Complaint alleges that COSLLC

called Ms. Campanale's cell phone to collect debt owed by her father Mr. Campanale.

The Campanales assert three claims: (1) Violation of the Florida Consumer Collection

Practices Act, F.S.A. § 559, et seq. (FCCPA); (2) Violation of the Telephone Consumer

Protection Act, 47 U.S.C. § 227(b)(3) (TCPA); and (3) Invasion of Privacy. The Campanales' FCCPA and Invasion of Privacy claims should be dismissed because:

* Ms. Campanale cannot state an FCCPA claim upon which relief can be granted because she is not a "debtor" as the term is defined in the FCCPA and, as such, is not authorized to bring an FCCPA claim;

* Mr. Campanale cannot state an FCCPA claim upon which relief can be granted because he is a Georgia resident, not a Florida consumer.

* Mr. Campanale cannot state an Invasion of Privacy claim upon which relief can be granted because COSLLC did not give "publicity" to private information.

* Ms. Campanale cannot state an Invasion of Privacy claim upon which relief can be granted because COSLLC did not physically invade her seclusion.

Alternatively, to the extent that the Campanales can state an FCCPA claim, which is denied, the multiple identical counts seeking multiple $1,000 statutory damage awards for each alleged violation of the Act should be stricken because the plain language of the Act, Florida appellate precedent and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (FDCPA) all stand for the single conclusion that the maximum statutory damages a plaintiff can recover for violation of the FCCPA is $1,000.

## Memorandum Argument and Citation to Legal Authority

I.   **MS. CAMPANALE CANNOT STATE AN FCCPA CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE SHE IS NOT A "DEBTOR" AS THE TERM IS DEFINED IN THE FCCPA AND, AS SUCH, IS NOT AUTHORIZED TO BRING AN FCCPA CLAIM**

Section 559.77 of the FCCPA establishes who can bring a claim for violation of the Act, stating "[a] debtor may bring a civil action against a person violating the provisions of § 559.72 in the county in which the alleged violator resides or has his or her

principal place of business or in the county where the alleged violation occurred." F.S.A. § 559.72 (emphasis added). The FCCPA defines the term "debtor" as "any natural person obligated or allegedly obligated to pay any debt." F.S.A. § 559.55(2). Thus, being able to state an FCCPA claim requires that one either owe, or allegedly owe a debt.

This is important here because though Ms. Campanale advances the conclusory allegation that she "was allegedly obligated to pay the Debt, and thus was a 'debtor' as defined by Florida Statute § 559.55," the factual allegations in the Complaint do not support the conclusory assertion. (See Compl. ¶ 9).

Pursuant to the teachings of this Court, it is the factual, not the conclusory allegations that matter. For example, in Casey v. Hall, this Court recognized that:

> Conclusory allegations [. . .] are not entitled to a presumption of truth. A claim is plausible where the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" [. . .] Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."

Casey v. Hall, No. 2:11-cv-588-FtM, 2011 WL 5583941, at *1 (M.D. Fla. Nov. 16, 2011) (internal citations omitted) (alteration added in part). This Court has also noted that:

> 'To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed.' The former rule-- that '[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief,'-- has been retired by Twombly.

<u>Donnel v. Puntu Gorda HMA, LLC</u>, No. 2:10-cv-785-FtM-29SPC, 2011 WL 3168144, at *1 (M.D. Fla. July 27, 2011) (internal citations omitted)).

There is no allegation in the Complaint that COSLLC ever alleged that Ms. Campanale owed any debt, or sought to hold her responsible for any debt. In fact, the allegations in the Complaint stand for a contrary conclusion. For example, Ms. Campanale claims that when COSLLC first allegedly called her cell phone, she told COSLLC "that it had the wrong number, but when she realized Defendant <u>was referring to her father</u>, she informed Defendant that her father lives in another state and she does not have anything to do with his financial affairs." (Compl. ¶ 25 (emphasis added)). Similarly, in Paragraphs 26, 27 and 31 of the Complaint, Ms. Campanale simply alleges that she received "automated call[s]," and "<u>followed the messages instructions to press '2' if the person was not Jack Campanale</u>." (<u>See</u>, <u>e.g.</u>, Compl. ¶¶ 26, 27, 31 (emphasis added)). While the Complaint alleges conclusory fashion that "[t]he calls cumulatively caused Tina Campanale to believe the Defendant alleged she owed the Debt," the factual allegations do not support this alleged belief or her conclusory assertion to this effect. (Compl. ¶ 24).

This Court's teachings make it clear that the factual, not the conclusory allegations are what determines whether a plaintiff states a claim upon which relief can be granted. There is simply no factual allegation advanced in the Complaint to support a conclusion that Ms. Campanale owed, or allegedly owed any debt. As such, she is not a "debtor," as the term is defined in the FCCPA, and, as a result, she cannot state an FCCPA claim against COSLLC.

## II.   MR. CAMPANALE'S FCCPA CLAIMS SHOULD BE DISMISSED BECAUSE HE IS NOT A FLORIDA RESIDENT.

According to the  Complaint, Mr. Campanale "is a natural person residing in Gwinnett County, Georgia." (Compl. ¶3). When COSLLC allegedly called Ms. Campanale, she advised "that her father lives in another state." (Compl. ¶ 25). As the Florida Court of Appeals for the Fourth District held in <u>Coastal Physician Services of Broward Co., Inc.</u>, "[the FCCPA is] for the protection of in-state consumers from either in-state or out-of-state collectors […] Other states can protect their own residents, as Florida itself does with regard to out-of-state collectors." <u>Coastal Physician Services of Broward Co., Inc.</u>, 764 So. 2d 7, 8 (4th DCA 1999) (citations omitted). <u>See</u> <u>also</u> <u>Jones v. TT of Longwood</u>, No. 6:06-cv-651-Orl-19DAB, 2006 WL 2789140 (M.D. Fla. Sept. 26, 2006) (citing <u>Coastal Physician</u>, <u>supra</u>.) ("The FCCPA seeks in part to protect Florida consumers from the illegal and unscrupulous practices of debt collectors and other persons"). Because Mr. Campanale is not a Florida consumer, he cannot state a claim for violation of the FCCPA. As such, his FCCPA claim must be dismissed.

## III.   MR. CAMPANALE'S CLAIM FOR INVASION OF PRIVACY SHOULD BE DISMISSED BECAUSE HE HAS NOT ALLEGED THAT COSLLC GAVE PUBLICITY TO PRIVATE INFORMATION.

Mr. Campanelle claims that "Defendant's behavior constitutes an invasion of Plaintiff Jack Campanale's privacy as a publication of his private financial affairs to another person without his consent. Through each call outlined above, Defendant effectively communicated to Jack Campanale's daughter that he owed a delinquent debt

to Defendant, and that such Debt continued to be delinquent at the time of each respective call, as outlined above." (Compl. ¶ 545).

There are four general categories of invasion of privacy: (1) appropriation of a person's name or likeness to obtain some benefit; (2) intrusion on seclusion; (3) public disclosure of private facts; and (4) false light in the public eye, though the Florida Supreme Court has held that it no longer recognizes false light invasion of privacy claims. See Egwuatu v. Burlington Coat Factory Warehouse Corp., N. 8:10-cv-996-T-33TGW, 2011 WL 2413833 at *4 (M.D. Fla. June 10, 2011) (citations omitted). Of these four categories of invasion of privacy, it appears that Mr. Campanale attempts to state a claim for public disclosure of private facts. But as this Court has recognized, "[p]ublic disclosure of private facts involves the publicity of private matters that would be considered offensive and not of public concern," and "the 'publicity . . . must be to the public at large or to so many persons that the matter . . . become[s] public knowledge.'" Egwuatu, 2011 WL 2413833, at *4 (quoting Williams v. City of Minneola, 575 So. 2d 683, 689 (Fla. 5th DCA 1991)).

The Complaint will not support a conclusion that COSLLC's alleged communications were made to the public at large, or to so many people that the matter becomes public knowledge. Mr. Campanale alleges that the only person with whom COSLLC allegedly communicated with his daughter. Such a communication to a single person hardly constitutes the publicity necessary to support a claim for public disclosure. As such, Mr. Campanale's public disclosure invasion of privacy claim must be dismissed.

IV.   **MS. CAMPANALE'S CLAIM FOR INVASION OF PRIVACY FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE COSLLC DID NOT PHYSICALLY INTRUDE INTO HER SOLITUDE.**

Ms. Campanale also asserts a claim for invasion of privacy, however, she alleges that COSLLC "repeatedly and unlawfully called Tina Campanale's cellular telephone using an automatic telephone dialing system at least 120 times within a span of four months. Defendant's behavior constitutes an invasion of Plaintiff Tina Campanale's privacy as an intrusion into her seclusion." (Compl. ¶ 543).

In Sampaio v. I.C. System, Inc., the plaintiff alleged that the defendant "left several pre-recorded messages on his voicemail [. . . and] intentionally caused [the plaintiff] harm by invading his privacy through the repeated telephone calls." Sampaio v. I.C. System Inc., No. 09-21698-CIV, 2009 WL 6800161, at *1 (S.D. Fla. Sept. 14, 2009) Ruling on the  defendant's motion for judgment on the pleadings, the court noted that "[t]o prove the tort of invasion of privacy under Florida law, a plaintiff must demonstrate either physical intrusion or 'publicity in the sense of communication to the public in general or to a large number of persons.' See id. "In this case, [the plaintiff] does not allege that I.C. Systems engaged in physical intrusion or publication that would satisfy this requirement." See id.  The Court then granted judgment on the pleadings in the defendant's favor. See id.

This Court reached a similar conclusion in Oppenheim v. I.C. System, Inc., stating:

> Florida law defines intrusion as "physically or electronically intruding into one's private quarters." Even though publication is not required, the focus of the tort is nonetheless

> "the right of a private person to be free from public gaze." Oppenheim has not cited any Florida cases in which a debt collector was found liable for intrusion based solely on telephone calls to debtor's residence [. . .]

Oppenheim v. I.C. System, Inc., No. 8:09-cv-497-JDW-TGW, 695 F. Supp.2d 1303, 1308 - 1309 (M.D. Fla. 2010) (citations omitted)

> [T]he Florida Supreme Court in Ginsberg defined intrusion as "physically or electronically intruding into one's private quarters," which is significantly narrower than "one who intrudes physically or otherwise, upon solitude or seclusion of another or his private affairs or concerns [. . .]." See Restatement (Second) of Torts, § 652B. [Section] 652B has not been adopted in Florida. The Ginsberg definition therefore controls.

Oppenheim v. I.C. System, Inc., No. 8:09-cv-497-JDW-TGW, 695 F. Supp.2d 1303, 1308, n.2 (M.D. Fla. 2010) (citations omitted). Thus, Oppenheim confirms that stating an intrusion on seclusion claim requires that the defendant physically or electronically intrude on the plaintiff's private quarters. That did not happen here.

This Court also noted in Oppenheim that "[t]o constitute invasion of privacy, the intrusion must be highly offensive to a reasonable person," adding that "'[i]n measuring the unacceptable conduct upon which a claim is made,' causes of action for invasion of privacy 'share certain similarities' with claims for intentional infliction of emotional distress," i.e., the threshold test is "whether such behavior is 'so outrageous in character and extreme in degree as to go beyond all possible bounds of decency." Oppenheim, 695 F. Supp.2d at 1309.

Looking to Florida appellate court precedent for guidance, this Court noted the case of <u>Kent v. Harrison</u> "'in which a defendant initiated and for several months continued a campaign of telephonic harassment in the aftermath of a verbal conflict.'" <u>Oppenheim</u>, 695 F. Supp.2d at 1310.  Holding that "thirty-five to forty telephone calls to [the plaintiff's] residence over a period of approximately three months were no more offensive than [a] 'campaign of telephonic harassment' which lasted for 'several months'" and was found to not support a claim for intentional infliction of emotional distress, the Court also quoted with approval the Florida appellate court's recognition that:

> we harbor no doubt that the telephone calls received by Kent were offensive and impaired him, his tranquility, and the peacefulness of his home. We are no less persuaded that Harrison's conduct was intentionally designed and undertaken to distress and annoy Kent. In fulfilling the responsibility assigned to us in <u>Metropolitan Life [Ins. Co.] v. McCarson</u>, however, we cannot conclude that such behavior was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Moreover, Kent's state of vexation, irritation, and agitation cannot be the foundation for a finding that Harrison's behavior is within the range marked out in <u>Metropolitan</u> by the standard of "atrocious and utterly intolerable in a civilized community."

<u>Oppenheim</u>, 695 F. Supp.2d at 1310 (internal citations omitted) (alteration added).

The teachings of <u>Sampio</u> and <u>Oppenheim</u> provide that Ms. Campanale cannot state a claim for intrusion on seclusion because COSLLC did not physically intrude on her seclusion. Additionally, according to <u>Oppenheim</u>, even if COSLLC's alleged conduct could constitute physical intrusion, which it does not, the alleged conduct placed at issue in the Complaint was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency," and to be considered "atrocious and utterly

intolerable in civilized society." As such, Ms. Campanale's Invasion of Privacy Claim must be dismissed.

**V. TO THE EXTENT THAT THE CAMPANALES COULD STATE AN FCCPA CLAIM, WHICH IS DENIED, THEY ARE, AT MOST, EACH ENTITLED TO $1,000 IN STATUTORY DAMAGES FOR VIOLATION OF THE ACT, AND THUS, THE COMPLAINT'S 100-PLUS SEPARATE COUNTS DEMANDING $1,000 IN STATUTORY DAMAGES FOR EACH ALLEGED VIOLATION OF THE ACT ARE SUPERFLUOUS AND SHOULD BE STRICKEN.**

"The purpose of a motion to strike is 'to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'" Hodge v. Orlando Utilities Comm'n, No. 6:09-CV-1059-ORL-19DAB, 2009 WL 4042930, at *4 (M.D. Fla. Nov. 23, 2009) (quoting McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)). This Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Redundant claims and prayers for relief not recoverable under the applicable law are properly subject to a motion to strike. See, e.g., id.; Natarajan v. Paul Revere Life Ins. Co., No. 8:04-CV-2612-T-17TGW, 2009 WL 1117405, at *2 (M.D. Fla. Apr. 24, 2009) (granting motion to strike prayer for relief where plaintiff could not recover requested damages as a matter of law); Brewer v. Stop Kick, Ltd., 2:04-CV-613-FTM33DNF, 2005 WL 2562594, at *3 (M.D. Fla. Oct. 11, 2005) (granting motion to strike and dismissing one count upon finding it redundant of another count in the complaint).

The Campanale's Complaint contains multiple redundant counts, alleging identical violations of the FCCPA seeking $1,000 statutory damage awards for each alleged violation. But the plain language of the FCCPA, Florida appellate court precedent and the

FDCPA all support the single conclusion that the maximum total statutory damages that a plaintiff can recover for violation of the FCCPA, no matter the number of violations, is $1,000. As such, the Campanale's multiple redundant counts, alleging identical violations of the FCCPA, and seeking multiple $1,000 awards of statutory damage awards should be stricken.

> **A.** **The Plain Language of The FCCPA Provides That The Campanales Are Not Entitled To Separate Statutory Awards For Each Alleged Violation Of The FCCPA.**

The civil remedies provision of the FCCPA is clear. It provides that:

> Any person who fails to comply with any provision of § 559.72 is liable for actual damages <u>and for additional statutory damages as the court may allow, but not exceeding $1,000,</u> together with court costs and reasonable attorney's fees incurred by the plaintiff. <u>In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with § 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional.</u> In a class action lawsuit brought under this section [. . .] the aggregate award <u>may not provide an individual class member with additional statutory damages in excess of $1,000.</u>

Fla. Stat. § 559.77(2) (emphasis added).

Stated similarly, the statute allows a plaintiff to recover statutory damages "not exceeding," i.e., up to $1,000, if she can prove a defendant violated the FCCPA. Importantly, the legislature instructed courts as to what they "shall" consider when determining whether to award statutory damages, and the amount of statutory damages up to $1,000. Specifically, courts are instructed to consider:

> (1)   The type of violation;
>
> (2)   The extent to which the alleged violation of the FCCPA was intentional; and

    (3)    The "frequency and persistence of noncompliance" with the FCCPA, i.e., how many times the defendant violated the FCCPA.

See Fla. Stat. § 559.77(7). Had the Legislature intended plaintiffs to be able to recover statutory damages for each alleged violation of the FCCPA, it would not have instructed courts to consider the "frequency and persistence" of the alleged noncompliance with the statute when determining the amount of recoverable statutory damages up to $1,000. The plain language of the FCCPA does not support an argument that the Campanales are entitled to statutory damages for each alleged violation of the FCCPA.

**B.**    **Florida Appellate Court Precedent Provides That The Campanales Are Not Entitled To Separate Statutory Awards For Each Alleged Violation Of The FCCPA.**

In Peters v. Collision Clinics International Inc., the Fourth District Court of Appeals was called upon to examine a previous version of Section 559.77, which authorized an award of actual damages or statutory damages of only up to $500, whichever was greater. See Peters v. Collision Clinics International Inc., 404 So. 2d 116, 117 (4th DCA 1981).[1] "The sole question on appeal [wa]s whether the trial court erred in

---

[1]    The previous version of Section 559.77 stated "(1) A debtor may bring a civil action against a person violating the provisions of this part in the circuit court of the county in which the alleged violator resides or has his principal place of business or in the county wherein the alleged violation occurred. Upon adverse adjudication, the defendant shall be liable for actual damages or five hundred dollars, whichever is greater, together with court costs and reasonably attorney's fees incurred by the plaintiff . . ." Peters, 404 So. 2d at 117 n.2 (alteration in the original).

The current version of Section 559.77 states, in pertinent part:

Any person who fails to comply with any provision of § 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

failing to instruct the jury that appellants were entitled to [statutory] damages of $500 for each violation of Section 559.72." Peters, 404 So. 2d at 117.

The appellate court's teachings when holding that the FCCPA only allows recovery of one statutory penalty regardless of the number of alleged violations are particularly instructive here:

> We have seriously considered appellants' contention and find it to be without merit. Though we are fully cognizant that statutes such as Chapter 559 are to be liberally construed in order to effect the purpose for which they were enacted, that does not afford us the opportunity to enlarge upon the remedy authorized by the Legislature. There is no indication in Section 559.72(1) that a debtor bringing suit thereunder is entitled to recover at least $500 for every violation of Section 559.72 [. . .] It would have been quite simple for the Legislature to provide actual damages or $500 for each violation of the statute, but it did not do so.

Id. (alteration added).

The Peters case was decided 30 years ago. The intervening three decades have brought at least one amendment of the civil remedies provision found in the FCCPA, but the Florida legislature has not amended the statute to provide for statutory damages of up to $1,000 "for each violation of the statute," though "[i]t would have been quite easy to do so." See id. These facts further confirm the conclusion that, at most, plaintiffs can seek a total statutory damage award of up to $1,000 despite the number of alleged violations.

---

Fla. Stat. § 559.77(2).

**C.**   **Consideration Of The FDCPA Supports The Conclusion That The Campanales Are Not Entitled To Separate Statutory Awards For Each Alleged Violation of The FCCPA.**

Also noteworthy is the fact that the civil remedies section of the FCCPA states that "[i]n applying and construing this section, due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act." Fla. Stat. § 559.77(5). It is well established that an award of statutory damages under the FDCPA is limited to $1,000, regardless of the number of alleged violations. See, e.g., Lynch v. First Nat. Collection Bureau, Inc., No. 11-60798-CIV, 2011 WL 2457903, at *2 (S.D. Fla. June 17, 2011); see also Harper v. Better Bus. Services, Inc., 961 F.2d 1561, 1563 (11th Cir. 1992) ("The FDCPA does not on its face authorize additional statutory damages of $1,000 per violation of the statute, or $1,000 per improper communication, or of $1,000 per alleged debt. If Congress had intended such limitations, it could have used that terminology.").

Thus, not only the plain language of the FCCPA and Florida appellate court precedent interpreting the Act, but also consideration of the statutory damages recoverable under the FDCPA require the conclusion that the maximum recoverable statutory damage the Campanales could hope to recover for noncompliance with the FCCPA is $1,000 regardless of the number of alleged violations.

Capital One anticipates the Campanales may attempt to undermine this conclusion, pointing to the case of Beeders v. Gulf Coast Collection Bureau, 632 F. Supp. 2d 1125 (M.D. Fla. 2009). In that case, the court stated that:

Recovery of statutory damages under the FCCPA is limited to $1,000 per defendant per adverse adjudication. "Adjudication" refers to a final determination or judgment [. . .] The determination of each count of the cause of action constitutes an adjudication. Under the FCCPA, each of these adjudications, if adverse, is eligible for its own award of statutory damages up to the maximum of $1,000. Though the availability of damages for each count of the cause of action allows more statutory recovery than under the FDCPA, it is within the scope prescribed by § 559.552 of the FCCPA as being more protective of the consumer.

Beeders, 632 F. Supp. 2d at 1130 (internal citations omitted).

But the applicability of Beeders should be tempered by the context in which it was decided, and other statements made by the Court. Specifically, the Court made these statements in conjunction with ruling on a plaintiff's motion for summary judgment seeking a determination whether FCCPA claims could proceed in separate actions. See Beeders v. Gulf Coast Collection Bureau, No. 8:09-cv-00458, 2009 WL 3013502, at *1 (M.D. Fla. Sept. 16, 2009). Denying the motion, the court held that the claims had to be brought in one action, granting the plaintiff 10 days to file an amended complaint encompassing all his claims. See Beeders, 2009 WL 3013502, at *1. [Thereafter, the plaintiff amended his complaint to state eleven claims for violations of the FCCPA against the defendant totaling $11,000 in statutory damages. See id.]

The defendant filed a motion to reconsider the Court's previous order, arguing that the FCCPA limits recovery of statutory damages to $1,000 per cause of action, not per count within a single cause of action. See Beeders, 2009 WL 3013502, at *1. Important to the inapplicability of Beeders in this proceeding is Beeders' recitation of the burden the defendant faced when attempting to obtain reconsideration:

This court will not amend a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." Furthermore, motions for reconsideration are not to be used "to raise arguments, which could and should have been made earlier." The reconsideration of a previous order is "an extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."

Beeders, 2009 WL 3013502, at *1 (internal citations omitted).

After setting forth this heavy burden, Beeders also stated the three recognized grounds permitting reconsideration: (1) an intervening change in the law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See Beeders, 2009 WL 3013502, at *2. While lengthy, Beeders' refusal to reconsider the previous statement (that each count of the complaint asserting an FCCPA claim was eligible for damages up to $1,000) demonstrates the inapplicability of that statement to this separate proceeding, between different parties, placing different alleged conduct at issue:

Now, [importantly, for the first time in their Motion to Reconsider,] however, Defendant cites Peters in support of its interpretation of the FCCPA [. . .] Considering Peters was decided in 1981, and is from a Florida Appellate Court, it can hardly be considered new and controlling law. Likewise, it seems implausible that this case was not available for Defendant's persuasive use in the Westlaw database prior to Defendant filing its response to Plaintiff's Motion for Summary Judgment. The Court is left to wonder why this interpretation of the statute was not argued initially. "A district court's denial of reconsideration is especially soundly exercised when the party has failed to articulate any reason for the failure to raise an issue at an earlier stage in the litigation. Because Defendant has failed to articulate a reason as to why its Peters argument was not initially raised during its response to Plaintiff's Motion for Partial Summary Judgment, denial of Defendant's motion for reconsideration is appropriate.

Beeders, 2009 WL 3013502, at *3 (emphasis added).

While <u>Peters</u> was persuasive enough to convince it that it had engaged in "clear error [ . . .] in [its] original interpretation of the statute," it recognized that <u>Peters</u> was applicable, further stating that:

> there is no manifest injustice that will occur as a result of our original interpretation of the FCCPA. Allowing Plaintiff to allege eleven violations of the FCCPA and claim statutory damages of $11,000 in the initial complaint stage does not automatically award Plaintiff this sum; Plaintiff will still have to proceed and prove its case. Likewise, the Defendant is still afforded the ability to defend the complaint and utilize other litigation strategies to attack the validity of Plaintiff's complaint. <u>Additionally, subsequent case law could impact the issue</u>.

<u>Id.</u> (emphasis added)

Given the unique procedural nature of <u>Beeders</u>, and in light of the plain language found in the FCCPA, Florida appellate precedent interpreting the statute and guidance that should be drawn from the FDCPA, COSLLC respectfully contends that plaintiffs are entitled to seek, at most, one statutory penalty of up to $1,000 for alleged noncompliance with the FCCPA, regardless of the number of alleged violations of the Act. For this reason, COSLLC respectfully requests that this Court strike the redundant Counts of the Complaint, and require that the Campanales re-plead their Complaint to the extent that the Campanales are found to state an FCCPA claim upon which relief can be granted.

Dated December 12, 2011.

Respectfully Submitted,

/s/ *Christy T. Nash*

Christy T. Nash (FL Bar No. 0550541)
BURR & FORMAN LLP
200 S. Orange Ave., Suite 800
Orlando, Florida 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601
Email: cnash@burr.com

## RULE 3.01(g) CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that on December 12, 2011, I conferred with counsel for Plaintiff regarding the relief sought in the instant motion to strike and counsel did not come to an agreement regarding the resolution of the motion.

/s/ *Christy T. Nash*
Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on this the 12th day of December, 2011, I caused a copy of the foregoing to electronically filed with the Clerk of Court using the cm/ecf system, which will provide electronic notice of the filing to the following:   Ian R. Leavengood, Esq. LEAVENGOOD & NASH, 3900 First Street North, Suite 100, St. Petersburg, FL 33703, Telephone: (727) 327-3328, Facsimile: (727) 327-3305.

/s/ *Christy T. Nash*
Attorney
