# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TINA CAMPANALE and
JACK CAMPANALE
individuals,                                           Case No.: 8:11-cv-2490-RAL-EAJ

       Plaintiffs,

v.

CAPITAL ONE SERVICES, LLC,
a foreign limited liability company,

       Defendant.
_____/

## PLAINTIFF'S RESONSE TO
## DEFENDANT CAPITAL ONE SERVICES, LLC'S
## MOTION FOR PARTIAL DISMISSAL AND TO STRIKE

**COME NOW** Plaintiffs, Tina Campanale and Jack Campanale (hereinafter, collectively "Plaintiffs"), by and through their undersigned counsel, and respectfully submit this Response to Defendant Capital One Services, LLC's ("Defendant") Motion for Partial Dismissal and to Strike.

1. On November 2, 2011, Plaintiffs Tina Campanale and Jack Campanale filed their Complaint [Dkt. 1], asserting claims based on (1) violations of the Florida Consumer Collection Practices Act, F.S. §559, et seq. (the "FCCPA Claims) (*see* Counts I – CXXVII); (2) violations of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(3) (the "TCPA Claims") (see Count CXXVIII); (3) common law invasion of privacy claims (the "Invasion of Privacy Claims") (see Count CXXIX); and (4) declaratory and injunctive relief claims (the "Declaratory Claims") (see Count CXXIX[1]).

---

[1] The Declaratory Claims are mistakenly identified as Count CXXIX rather than CXXX.

2. Plaintiffs asserted their FCCPA claims in 128 separate counts. One hundred and twenty-seven of the Counts were each based on one of the 127 alleged violative phone calls. The first 127 counts asserted violations of §559.72(9) and §559.72(18) of the FCCPA. The 128th count asserts a cumulative violation of §559.72(7) of the FCCPA.

3. On December 12, 2011, Defendant filed its Motion for Partial Dismissal and to Strike [Dkt. 7].

4. Defendant's Motion was directed only to Plaintiffs' FCCPA Claims and Plaintiffs' Invasion of Privacy Claims. Defendants did not move to dismiss or strike Plaintiffs' TCPA or Declaratory Claims.

5. In Section V of Defendant's Motion, Defendant generally assert that Plaintiffs are at most entitled to an award of a maximum of $1,000.00 in statutory damages (plus attorneys' fees and costs), and may not plead entitlement to $1,000.00 in statutory damages for each phone call. Thus, Defendant moved this Court to strike the "duplicative" claims asserted in Plaintiff's FCCPA claims.

6. In Sections I and II of Defendant's Motion, Defendant generally assert that Plaintiffs may not bring the FCCPA Claims. Defendant argues that Tina Campanale may not bring FCCPA claims because she is not a "debtor" under the FCCPA (Section I), and that Jack Campanale may not state FCCPA claims because he is not a Florida resident (Section II).

7. In Sections III and IV of Defendant's Motion, Defendant generally asserts that Plaintiffs may not bring the Invasion of Privacy Claims. Defendant argues that Tina Campanale may not state Invasion of Privacy Claims because the Complaint does not

allege facts demonstrating an intrusion into seclusion under Florida law (Section IV), and that Jack Campanale may not state Invasion of Privacy Claims because he does not allege facts supporting the publication of private facts to the "public at large (Section III)."

8. After consideration of Defendant's arguments, Plaintiffs are willing to concede two of the Defendant's five arguments. First, Plaintiffs are willing to concede that in this case they are only entitled to receive a maximum of $1,000.00 in statutory damages (plus attorneys' fees and costs) and may not plead entitlement to receive $1,000.00 in statutory damages per phone call. Second, Plaintiffs are willing to concede that Jack Campanale cannot allege facts supporting the publication of private facts to the "public at large."

9. Accordingly, counsel for Plaintiffs and counsel for Defendants met and conferred on January 25, 2012 to discuss how to narrow the issues raised in Defendant's Motion in the most expeditious and least burdensome manner, using the least amount of judicial time and attorney time possible.

10. Counsel for Plaintiffs and Defendant determined that in light of Plaintiffs' concession to the points raised in Section V of the Motion, all of Plaintiffs' FCCPA Claims contained in Counts I – CXXVIII would be dismissed.

11. Counsel for both parties agreed that this should be done without prejudice and that Plaintiffs should be able to re-assert their FCCPA Claims in alternative theories, but without pleading entitlement to $1,000.00 in statutory damages per call.

12. Counsel for both parties agreed that Defendant would reserve the right to re-assert its other FCCPA arguments contained in Sections I and II of its Motion upon the re-filing of Plaintiffs' FCCPA Claims.

13. Counsel for Plaintiffs and Defendant further determined that in light of Plaintiffs' concession to the points raised in Section III of the Motion, Count CXXIX of Plaintiffs' Complaint, containing the Invasion of Privacy Claims, would also be dismissed.

14. Counsel for both parties agreed that this should be done without prejudice as to Plaintiff Tina Campanale and with prejudice as to Plaintiff Jack Campanale.

15. Counsel for both parties agreed that Defendant would reserve the right to re-assert its other Invasion of Privacy argument relating to Tina Campanale contained in Section IV of its Motion upon the re-filing of Plaintiff Tina Campanale's Invasion of Privacy Claims.

16. Counsel for both parties agreed that Plaintiffs should have 10 days from the date of any Order of Dismissal to re-file any claims they wish to re-assert.

17. The terms of the agreement reached by counsel for both parties are contained in the proposed Order attached to this Response as Exhibit A. The form of Exhibit A is agreeable to counsel for both parties.

WHEREFORE, Plaintiffs request this Court consider Defendant's Motion and this Response, and enter the proposed Order attached as Exhibit A. In the event this Court is not inclined to do so, Plaintiffs request they be given notice and an additional five (5) days to respond to the merits of Defendant's Motion.

Respectfully Submitted,

**LEAVENGOOD & NASH**

   /s/ Christopher C. Nash
**Ian R. Leavengood, Esq., FBN 0010167**

**LEAD TRIAL COUNSEL**
**Christopher C. Nash, Esq., FBN 0135046**
2958 First Avenue North
St. Petersburg, FL 33713
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
cnash@leavenlaw.com
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing *Response to Defendant Capital One Services, LLC's Motion for Partial Dismissal and to Strike* has been furnished electronically or via U.S. Mail this 26th day of January 2012 to:

Christy T. Nash
Counsel for Defendant
Burr Forman
450 S. Orange Avenue, Suite 200
Orlando, FL 32801


    /s/ Christopher C. Nash