# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**TINA CAMPANALE and**
**JACK CAMPANALE,**
**individuals,**

      **Plaintiffs,**

**v.**                                                    **Case No. 8:11-cv-2490-T35-EAJ**

**CAPITAL ONE SERVICES, LLC,**
**a foreign limited liability company,**

      **Defendant.**

_____/

## <u>ORDER</u>

**THIS CAUSE** comes before the Court for consideration of Defendant Capital One Services, LLC's Motion for Partial Dismissal and to Strike (Dkt. 7), and Plaintiffs' Response to Defendant's Motion (Dkt. 15).   Upon stipulation and agreement of the parties, the Court **GRANTS** Defendant's Motion as described herein.

## I.   BACKGROUND

On November 2, 2011, Plaintiffs filed a One Hundred and Thirty-One (131)-Count Verified Complaint (Dkt. 1)[1] alleging that Defendant placed more than one hundred (100) phone calls to Tina Campanale's cell phone to collect a debt allegedly owed by her father Jack Campanale.  (Dkt. 1.)   In Counts One (1) through One Hundred and

---

[1] It appears that Plaintiffs' Verified Complaint contains an error in the numbering of the Counts because Plaintiffs mistakenly labeled Count 127 as "Count 126."  The correct order of the Counts is as follows: (1) Plaintiffs' FCCPA claims (Counts 1 through 128); (2) Plaintiffs' TCPA claims (Count 129); Plaintiff's Invasion of Privacy claims (Count 130); and Plaintiffs' claims for Declaratory and Injunctive Relief (Count 131).

Twenty-Eight (128), Plaintiffs allege that each one of the Defendant's calls violates the Florida Consumer Protection Practices Act (FCCPA), FLA.STAT. § 559, et seq. (Dkt. 1 at 42-538.)  Under each of those counts, Plaintiff sought "$1,000.00 in statutory damages, costs, interest, attorneys' fees, and other equitable relief this Court deems appropriate." (Dkt. 1.)   In Count One Hundred and Twenty-Nine (129), Plaintiffs allege that Defendant's conduct violates the Telephone Consumer Protection Act (TCPA), 47 U.S.C. 227(b)(1)(A).  (Dkt. 1 at 539.)   Count One Hundred and Thirty (130) alleges Invasion of Privacy as to both Tina Campanale and Jack Campanale.  (Dkt. 1 at 542-547.)  In Count One Hundred and Thirty-One (131) Plaintiffs seek declaratory relief and injunctive relief against Defendant for violations of the FCCPA and the TCPA.  (Dkt. 1 at 548.)

Defendant filed the instant Motion on December 12, 2011.  In its Motion, Defendant argues: (1) Tina Campanale cannot state an FCCPA claim upon which relief can be granted because she is not a "debtor" under the FCCPA;  (2) Jack Campanale cannot state an FCCPA claim upon which relief can be granted because he is a Georgia resident, not a Florida consumer; (3) Jack Campanale cannot state an Invasion of Privacy claim upon which relief can be granted because Defendant did not give "publicity" to private information; and, (4) Tina Campanale cannot state an Invasion of Privacy claim upon which relief can be granted because Defendant did not physically invade her seclusion.  (Dkt. 7 at 2.)  Defendant also argues that the counts seeking $1,000.00 in statutory damages for each alleged violation of the FCCPA should be stricken because the law only permits Plaintiffs to recover a maximum of $1,000.00 in

statutory damages.  (Dkt. 7 at 2.)  Defendant does not move to dismiss or strike Plaintiffs' TCPA claims or the declaratory and injunctive relief claims.

Plaintiffs filed their Response to Defendant's Motion on January 26, 2012.  In their Response, Plaintiffs concede that they are only entitled a maximum of $1,000.00 in statutory damages (plus attorneys' fees and costs).  (Dkt. 15 at 8.)  Plaintiffs also concede that Jack Campanale cannot allege facts sufficient to support a claim for Invasion of Privacy.  (Dkt. 15 at 8.)  Accordingly, the parties stipulated and agreed that Plaintiffs' FCCPA claims in Counts One (1) through One Hundred and Twenty-Eight (128) should be dismissed without prejudice and that "Plaintiffs should be able to re-assert their FCCPA claims in alternative theories, but without pleading entitlement to $1,000.00 in statutory damages per call." (Dkt. 15 at 9-11.)  The parties also stipulated and agreed that Plaintiffs' Invasion of Privacy claims in Count One Hundred and Thirty (130) should be dismissed without prejudice as to Tina Campanale and with prejudice as to Jack Campanale.  (Dkt. 15 at 14.)  The parties agreed that Defendant reserves the right to re-assert its other arguments raised in the present Motion to Dismiss upon the re-filing of Plaintiffs' Amended Complaint.  (Dkt. 15 at 12, 15.)

Accordingly, based on the stipulation and agreement reached by the parties, Defendant's Motion is **GRANTED** on the following terms:

1. Defendant's Motion to Strike Counts One (1) through One Hundred and Twenty-Eight (128) of Plaintiffs' Verified Complaint is **GRANTED** without prejudice. Plaintiffs may re-assert their FCCPA claims in an Amended Complaint using alternative theories, but they may only plead entitlement to a maximum of

$1,000.00 in statutory damages (plus costs and attorneys' fees) based on the alleged FCCPA violations.

2. Defendant's Motion to Dismiss Count One Hundred and Thirty (130) of Plaintiffs' Verified Complaint is **GRANTED** without prejudice as to Plaintiff Tina Campanale and with prejudice as to Plaintiff Jack Campanale.  Plaintiff Tina Campanale may re-assert her common law Invasion of Privacy claim in the Amended Complaint.

3. Plaintiffs shall have **twenty-one (21)** days from the date of this Order to file their Amended Complaint.

4. Defendant may re-file its Motion to Dismiss in due course upon service of Plaintiffs' Amended Complaint on the Defendant.

**DONE** and **ORDERD** in Tampa, Florida on this 23rd day of February, 2012.


MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE


Copies furnished to:
Counsel of Record
Any Unrepresented Parties

4