## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TINA CAMPANALE and
JACK CAMPANALE
individuals,                                      Case No.: 8:11-cv-2490-RAL-EAJ

      Plaintiffs,

v.

CAPITAL ONE SERVICES, LLC,                        COMPLAINT AND
a foreign limited liability company,              DEMAND FOR A
                                                  JURY TRIAL
                                                  (Unlawful Debt Collection
      Defendant.                          Practices)
_____ /

## AMENDED COMPLAINT

**COME NOW**, Plaintiffs, TINA AND JACK CAMPANALE (hereinafter collectively, "Plaintiffs"), by and through the undersigned counsel, and sue Defendant, CAPITAL ONE SERVICES, LLC (hereinafter, "Defendant"), and allege:

### INTRODUCTION AND PRELIMINARY STATEMENT

This is an action for damages brought by two individual consumers for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), the Telephone Consumer Protection Act, 47 U.S.C. 227 (hereinafter, the "TCPA"), Invasion of Privacy under Florida common law and Declaratory and Injunctive relief.

### JURISDICTION AND VENUE

1.     This Court has full diversity jurisdiction over the FCCPA and TCPA claims pursuant to 28 U.S.C. §§ 1332(a) and 1332(c)(1), respectively, because of the diversity of citizenship between the parties and an amount in controversy exceeding the sum of $75,000.00 exclusive of interest and costs.  Declaratory relief is available pursuant to 28

U.S.C. §§ 2201 and 2202.

2.     Plaintiff Tina Campanale is a natural person residing in Pinellas County, Florida.

3.     Plaintiff Jack Campanale is a natural person residing in Gwinnett County, Georgia.

4.     Defendant is a foreign limited liability company existed under the laws of Delaware[1] that, itself and through its subsidiaries, regularly extends credit to consumers in Pinellas County, Florida.

5.     Venue in this District is proper because Defendant transacts business in this District and the conduct complained of occurred in this District.

## GENERAL ALLEGATIONS

6.     At all times herein, Defendant is a "creditor" as defined by Florida Statute §559.55.  Specifically, Defendant attempts to collect a debt from Plaintiff Tina Campanale that was allegedly incurred by Plaintiff Jack Campanale (hereinafter, "the Debt").

7.     Tina Campanale is the daughter of Jack Campanale.  Defendant knew of the Plaintiff's familial relationship.  At no material time herein, did Tina Campanale and Jack Campanale ever reside at the same household.

8.     At all material times herein, the Debt was a consumer debt, incurred primarily for "personal, family or household purposes" as defined in Florida Statute §559.77.

9.     At all material times herein, Plaintiff Jack Campanale was obligated to pay the Debt, as expressly and implicitly alleged by Defendant, and thus was a "debtor" as defined by Florida Statute §559.55.

---

[1] Capital One Services, LLC is a Delaware corporation according to the records of the secretary of state of the state of Florida, http://www.sunbiz.org (access August 11, 2011), with its principal place of business being located in McLean, Virginia, and is thus a "foreign state resident." 28 U.S.C. § 1332(c)(1).

10.     At all material times herein, Plaintiff Tina Campanale was alleged by Defendant to be obligated to pay the Debt, and thus was a "debtor" as defined by Florida Statute §559.55.

11.     At no material time herein did Tina Campanale have a business relationship with Defendant in connection with the Debt or otherwise.

12.     At all material times herein, Defendant was a "person" as pursuant to Florida Statute § 559.72.  *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

13.     At all times herein, Defendant's conduct with regard to the Debt complained of below qualifies as a "communication" as defined by Florida Statute § 559.55.

14.     Florida Statute § 559.77 provides for the award of up to $1,000.00 statutory damages, plus actual damages and an award of attorneys' fees to Plaintiffs should Plaintiffs prevail in this matter.

15.     Title 47 of the United States Code, Section 227(b)(3) (hereinafter, "TCPA") provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made by an automatic telephone dialing system to Plaintiff Tina Campanale's cellular telephone in violation of the TCPA or the regulations proscribed under the TCPA.

16.     Additionally, 47 U.S.C. 227(b)(3) allows the trial court to increase the penalty up to three times (3x) for each telephone call made by an automatic telephone dialing system to Plaintiff Tina Campanale's cellular telephone, knowingly and willfully made in violation of the TCPA or the regulations proscribed under the TCPA.

17.     At all times herein, Defendant had knowledge of the TCPA and its terms and prohibitions.

18.     At all times herein, it would have been possible for Defendant to avoid violating the terms of the TCPA.

19.     Defendant's telephone calls were made to Plaintiff Tina Campanale's cellular telephone using an automatic dialing system or an artificial or pre-recorded voice and were made in willful and knowing violation of the TCPA.

20.     As of the date of this complaint, Defendant has not initiated a lawsuit in its efforts to collect the Debt.  Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

21.     Plaintiffs have retained the law firm of Leavengood, Nash, Dauval & Boyle, P.A. (hereinafter, "Undersigned Counsel"), for the purpose of pursuing this matter against Defendant and are obligated to pay them a reasonable fee for their services and are obligated to reimburse them for any costs advanced on Plaintiffs' behalf.

22.     All conditions precedent to the filing of the action occurred or have been waived by Defendant.

### ALL COMMUNICATIONS REGARDING THE DEBT

23.     Commencing approximately in the month of February 2011 and continuing through June 2011, Defendant continually and repeatedly called Tina Campanale using an "automatic dialing system or artificial or pre-recorded voice," as defined by the TCPA (hereinafter collectively, "the Calls").  The Calls are specifically itemized in paragraph 36, below.

24.     The Calls cumulatively caused Tina Campanale to believe the Defendant alleged she owed the Debt, and that she had to choose between paying the wrongfully asserted Debt and continuing to receive Defendant's misdirected communications.

25.     On or about February 10, 2011, in the afternoon or evening (hereinafter defined as "Call 1"), Defendant's representative "Anthony" called Tina Campanale's cellular telephone in an attempt to collect the Debt. Tina Campanale first advised Defendant that it had the wrong number, but when she realized Defendant was referring to her father, she informed Defendant that her father lives in another state and she does not have anything to do with his financial affairs.  Tina Campanale requested that Defendant not call her again and terminated the call.

26.     On or about February 17, 2011, at approximately 1:22 P.M. ED (hereinafter defined as "Call 2"), upon receiving an automated telephone call from Defendant on Tina Campanale's cellular telephone, Tina Campanale followed the messages instructions to press "2" if the person was not Jack Campanale. Tina pressed "2" and the call forwarded to Defendant's representative, Anthony's, voicemail.  Tina Campanale left a message, again informing Defendant that her father lives in another state and she does not have anything to do with his financial affairs.  Tina Campanale requested that Defendant not call her again.

27.     On or about March 2, 2011, at approximately 1:27 P.M. ET (hereinafter defined  as "Call 3"), upon receiving an automated telephone call from Defendant on Tina Campanale's cellular telephone, Tina Campanale followed the messages instructions to press "2" if the person was not Jack Campanale. Tina Campanale pressed "2" and was able to speak with an unidentified operator, and explained to the Defendant again that she is not the person Defendant is calling to reach and requested she be removed from the "auto dial" list. Defendant's representative asked for Plaintiff Tina Campanale's number so that it could be taken out of Defendant's system and said that she would "take care of it."

28.     On or about March 4, 2011 Plaintiff Tina Campanale retained Undersigned

Counsel to represent her with regard to Defendant's attempts to collect the Debt.

29.     On or about March 4, 2011, at approximately 12:50 P.M. ET, Undersigned Counsel faxed to Defendant a notice of representation and letter disputing the validity of the Debt and demanding that all communications with Tina Campanale cease (hereinafter the "First Cease and Desist Letter"). The First Cease and Desist Letter additionally reminded Defendant of the relevant TCPA provisions and provided Defendant with Plaintiff Tina Campanale's cellular telephone number so that it could be removed from the system. Undersigned Counsel then mailed Defendant a copy of the same via USPS certified mail. Please see attached a true and correct copy of the First Cease and Desist Letter labeled as Exhibits "A1-A3."

30.     On or about March 5, 2011, Defendant acknowledged Undersigned Counsel's representation of Plaintiff Tina Campanale with regard to the Debt in a response letter Defendant mailed to Undersigned Counsel's office.   Defendant's response letter was addressed to Tina Campanale, with Undersigned Counsel included as the "care-of" addressee.  The letter also included Undersigned Counsel's original fax to Defendant.  Please see attached a true and correct copy of Defendant's response letter acknowledging representation of Tina Campanale by Undersigned Counsel labeled Exhibit "B1-B3."

31.     On or about March 16, 2011, at approximately 1:20 P.M. ET, hereinafter defined as "Call 26"), upon receiving an automated telephone call from Defendant on Tina Campanale's cellular telephone, Tina Campanale followed the message instructions to press "2" if the person was not Jack Campanale. Tina Campanale pressed "2" and left a voicemail for Defendant's representative, Anthony, telling Defendant not to call her anymore. Tina Campanale also reminded Defendant of Undersigned Counsel's First Cease and Desist

Letter. Tina Campanale then provided her name, the name of the person Defendant was trying to reach, and her cellular telephone number so Defendant could take her out of the autodial system. Tina Campanale concluded the voicemail by repeating her request that Defendant cease calling her.

32.    On or about March 21, 2011, at approximately 5:44 P.M. ET (hereinafter defined as "Call 30"), despite having repeatedly received actual notice that Tina Campanale was not a party in interest to the Debt, the actual debtor could not be reached via her cellular telephone number, and that Tina Campanale was represented by Undersigned Counsel with regard to Defendant's attempt to collect the Debt, Defendant called Tina Campanale's cellular telephone in an attempt to collect the Debt. Defendant's representative did not identify himself, and asked for Jack Campanale. Tina Campanale told Defendant's representative that she was represented by Undersigned Counsel with regard to the Debt, that Jack Campanale could not be reached at Tina Campanale's number, and that she has told this to Defendant several times.  Defendant's representative then hung up on Tina Campanale.

33.    On or about May 4, 2011, at approximately 2:53 P.M. ET (hereinafter defined as "Call 93"), despite having repeatedly received actual notice that Tina Campanale was not a party in interest to the Debt, that the actual debtor could not be reached via her cellular telephone number, and that Tina Campanale was represented by Undersigned Counsel with regard to Defendant's attempt to collect the Debt, Defendant's representative, "Anthony," called Tina Campanale's cellular telephone in an attempt to collect the Debt.  Anthony asked for Jack Campanale.  Tina Campanale again advised Anthony of Undersigned Counsel's representation of her with regard to the Debt, that Defendant has the wrong number, and that Defendant should stop calling her.  Anthony then hung up on Tina Campanale.

34.     On or about May 25, 2011, at approximately 4:07 P.M. ET, Undersigned Counsel faxed to Defendant a second notice of representation and letter disputing the validity of the Debt and demanding that all communications with Tina Campanale cease (hereinafter "Second Cease and Desist Letter"). Undersigned Counsel then mailed Defendant, both Capital One Bank and Capital One Services, a copy of the same via USPS certified mail. Please see attached a true and correct copy of the Second Cease and Desist Letter, as well as the letter sent via USPS certified mail to Capital One, labeled as Exhibits "C1-C3" and "D1-D2," respectively.

35.     On or about June 6, 2011, at approximately 1:55 P.M. ET (hereinafter defined as "Call 120"), despite having actual knowledge that Tina Campanale was not a party in interest to the Debt, the actual debtor could not be reached via her cellular telephone number, and that Tina Campanale was represented by Undersigned Counsel with regard to Defendant's attempt to collect the Debt, plus having received multiple cease and desist letters from Undersigned Counsel in regards to the calls to Tina Campanale, Defendant's representative, "Anthony," called Tina Campanale's cellular telephone in an attempt to collect the Debt.  Anthony asked for Jack Campanale and immediately hung up on Tina Campanale when she started to advise him of Undersigned Counsel's representation of her with regard to the Debt.

## THE CALLS

36.     Defendant called Tina Campanale on her cellular telephone on each of the below itemized occasions using an automatic dialing system, without possessing her prior express consent to do so:

a.       On or about February 10, 2011, in the afternoon or evening ("Call 1");

b.      On or about February 17, 2011, at approximately 1:22 P.M. ET ("Call 2");

c.      On or about February 17, 2011, at approximately 4:07 P.M. ET ("Call 3");

d.      On or about February 18, 2011, at approximately 1:20 P.M. ET ("Call 4");

e.      On or about February 19, 2011, at approximately 10:09 A.M. ET ("Call 5");

f.      On or about February 22, 2011, at approximately 10:10 A.M. ET ("Call 6");

g.      On or about February 23, 2011, at approximately 1:14 P.M. ET ("Call 7");

h.      On or about February 24, 2011, at approximately 1:21 P.M. ET ("Call 8");

i.      On or about February 25, 2011, at approximately 1:05 P.M. ET ("Call 9");

j.      On or about February 26, 2011, at approximately 10:50 A.M. ET ("Call 10");

k.      On or about February 27, 2011, at approximately 3:08 P.M. ET ("Call 11");

l.      On or about March 1, 2011, at approximately 10:44 A.M. ET ("Call 12");

m.      On or about March 2, 2011, at approximately 1:27 P.M. ET ("Call 13");

n.      On or about March 3, 2011, at approximately 10:46 A.M. ET ("Call 14");

o.      On or about March 3, 2011, at approximately 1:06 P.M. ET ("Call 15");

p.      On or about March 8, 2011, at approximately 10:28 A.M. ET ("Call 16");

q.      On or about March 8, 2011, at approximately 1:27 P.M. ET ("Call 17");

r.      On or about March 8, 2011, at approximately 4:25 P.M. ET ("Call 18");

s.      On or about March 9, 2011, at approximately 10:48 A.M. ET ("Call 19");

t.      On or about March 10, 2011, at approximately 1:06 P.M. ET ("Call 20");

u.      On or about March 10, 2011, at approximately 4:33 P.M. ET ("Call 21");

v.      On or about March 11, 2011, at approximately 10:37 A.M. ET ("Call 22");

w.      On or about March 14, 2011, at approximately 1:28 P.M. ET ("Call 23");

x.      On or about March 15, 2011, at approximately 10:36 A.M. ET ("Call 24");

y.          On or about March 16, 2011, at approximately 10:24 A.M. ET ("Call 25");

z.          On or about March 16, 2011, at approximately 1:20 P.M. ET ("Call 26");

aa.        On or about March 17, 2011, at approximately 10:31 A.M. ET ("Call 27");

bb.        On or about March 19, 2011, at approximately 10:31 A.M. ET ("Call 28");

cc.        On or about March 21, 2011, at approximately 1:34 P.M. ET ("Call 29");

dd.        On or about March 21, 2011, at approximately 5:44 P.M. ET ("Call 30");

ee.        On or about March 22, 2011, at approximately 10:31 A.M. ET ("Call 31");

ff.         On or about March 23, 2011, at approximately 10:30 A.M. ET ("Call 32");

gg.        On or about March 23, 2011, at approximately 1:44 P.M. ET ("Call 33");

hh.        On or about March 24, 2011, at approximately 10:33 A.M. ET ("Call 34");

ii.         On or about March 24, 2011, at approximately 1:26 P.M. ET ("Call 35");

jj.         On or about March 25, 2011, at approximately 10:19 A.M. ET ("Call 36");

kk.        On or about March 25, 2011, at approximately 1:16 P.M. ET ("Call 37");

ll.         On or about March 25, 2011, at approximately 4:14 P.M. ET ("Call 38");

mm.      On or about March 28, 2011, at approximately 10:32 A.M. ET ("Call 39");

nn.        On or about March 28, 2011, at approximately 1:27 P.M. ET ("Call 40");

oo.        On or about March 29, 2011, at approximately 10:34 A.M. ET ("Call 41");

pp.        On or about March 29, 2011, at approximately 1:38 P.M. ET ("Call 42");

qq.        On or about March 29, 2011, at approximately 4:26 P.M. ET ("Call 43");

rr.         On or about March 29, 2011, at approximately 7:26 P.M. ET ("Call 44");

ss.        On or about March 30, 2011, at approximately 10:32 A.M. ET ("Call 45");

tt.         On or about March 30, 2011, at approximately 1:27 P.M. ET ("Call 46");

uu.        On or about March 30, 2011, at approximately 4:22 P.M. ET ("Call 47");

vv.        On or about March 30, 2011, at approximately 7:20 P.M. ET ("Call 48");

ww.       On or about March 31, 2011, at approximately 4:33 P.M. ET ("Call 49");

xx.        On or about April 1, 2011, at approximately 10:31 A.M. ET ("Call 50");

yy.        On or about April 1, 2011, at approximately 1:28 P.M. ET ("Call 51");

zz.        On or about April 1, 2011, at approximately 4:23 P.M. ET ("Call 52");

aaa.      On or about April 1, 2011, at approximately 7:35 P.M. ET ("Call 53");

bbb.      On or about April 4, 2011, at approximately 1:32 P.M. ET ("Call 54");

ccc.      On or about April 4, 2011, at approximately 4:27 P.M. ET ("Call 55");

ddd.     On or about April 4, 2011, at approximately 7:25 P.M. ET ("Call 56");

eee.     On or about April 5, 2011, at approximately 10:33 A.M. ET ("Call 57");

fff.      On or about April 6, 2011, at approximately 1:22 P.M. ET ("Call 58");

ggg.     On or about April 6, 2011, at approximately 4:36 P.M. ET ("Call 59");

hhh.     On or about April 6, 2011, at approximately 7:30 P.M. ET ("Call 60");

iii.      On or about April 7, 2011, at approximately 4:31 P.M. ET ("Call 61");

jjj.     On or about April 7, 2011, at approximately 7:27 P.M. ET ("Call 62");

kkk.     On or about April 8, 2011, at approximately 10:32 A.M. ET ("Call 63");

lll.      On or about April 8, 2011, at approximately 1:27 P.M. ET ("Call 64");

mmm.   On or about April 8, 2011, at approximately 4:24 P.M. ET ("Call 65");

nnn.    On or about April 8, 2011, at approximately 7:22 P.M. ET ("Call 66");

ooo.    On or about April 9, 2011, at approximately 10:29 A.M. ET ("Call 67");

ppp.    On or about April 11, 2011, at approximately 10:35 A.M. ET ("Call 68");

qqq.    On or about April 11, 2011, at approximately 1:27 P.M. ET ("Call 69");

rrr.     On or about April 12, 2011, at approximately 10:38 A.M. ET ("Call 70");

sss.        On or about April 13, 2011, at approximately 10:31 A.M. ET ("Call 71");

ttt.        On or about April 14, 2011, at approximately 10:35 A.M. ET ("Call 72");

uuu.        On or about April 15, 2011, at approximately 10:38 A.M. ET ("Call 73");

vvv.        On or about April 15, 2011, at approximately 1:36 P.M. ET ("Call 74");

www.        On or about April 15, 2011, at approximately 4:30 P.M. ET ("Call 75");

xxx.        On or about April 15, 2011, at approximately 7:28 P.M. ET ("Call 76");

yyy.        On or about April 16, 2011, at approximately 10:31 A.M. ET ("Call 77");

zzz.        On or about April 16, 2011, at approximately 1:28 P.M. ET ("Call 78");

aaaa.       On or about April 16, 2011, at approximately 4:23 P.M. ET ("Call 79");

bbbb.       On or about April 18, 2011, at approximately 10:56 A.M. ET ("Call 80");

cccc.       On or about April 19, 2011, at approximately 4:17 P.M. ET ("Call 81");

dddd.       On or about April 20, 2011, at approximately 10:36 A.M. ET ("Call 82");

eeee.       On or about April 21, 2011, at approximately 4:17 P.M. ET ("Call 83");

ffff.       On or about April 22, 2011, at approximately 4:40 P.M. ET ("Call 84");

gggg.       On or about April 25, 2011, at approximately 10:58 A.M. ET ("Call 85");

hhhh.       On or about April 26, 2011, at approximately 10:29 A.M. ET ("Call 86");

iiii.       On or about April 27, 2011, at approximately 10:45 A.M. ET ("Call 87");

jjjj.       On or about April 28, 2011, at approximately 10:31 A.M. ET ("Call 88");

kkkk.       On or about April 28, 2011, at approximately 1:34 P.M. ET ("Call 89");

llll.       On or about April 29, 2011, at approximately 10:37 A.M. ET ("Call 90");

mmmm.       On or about May 2, 2011, at approximately 4:30 P.M. ET ("Call 91");

nnnn.       On or about May 3, 2011, at approximately 10:30 A.M. ET ("Call 92");

oooo.       On or about May 4, 2011, at approximately 2:53 P.M. ET ("Call 93");

pppp.       On or about May 4, 2011, at approximately 4:37 P.M. ET ("Call 94");

qqqq.       On or about May 5, 2011, at approximately 10:37 A.M. ET ("Call 95");

rrrr.       On or about May 7, 2011, at approximately 4:30 P.M. ET ("Call 96");

ssss.       On or about May 9, 2011, at approximately 10:35 A.M. ET ("Call 97");

tttt.       On or about May 10, 2011, at approximately 10:28 A.M. ET ("Call 98");

uuuu.       On or about May 11, 2011, at approximately 10:28 A.M. ET ("Call 99");

vvvv.       On or about May 12, 2011, at approximately 10:30 A.M. ET ("Call 100");

wwww.       On or about May 13, 2011, at approximately 10:33 A.M. ET ("Call 101");

xxxx.       On or about May 16, 2011, at approximately 10:30 A.M. ET ("Call 102");

yyyy.       On or about May 17, 2011, at approximately 10:349 A.M. ET ("Call 103");

zzzz.       On or about May 18, 2011, at approximately 10:28 A.M. ET ("Call 104");

aaaaa.      On or about May 19, 2011, at approximately 10:29 A.M. ET ("Call 105");

bbbbb.      On or about May 19, 2011, at approximately 10:30 A.M. ET ("Call 106");

ccccc.      On or about May 20, 2011, at approximately 10:29 A.M. ET ("Call 107");

ddddd.      On or about May 23, 2011, at approximately 10:31 A.M. ET ("Call 108");

eeeee.      On or about May 23, 2011, at approximately 1:32 P.M. ET ("Call 109");

fffff.      On or about May 24, 2011, at approximately 10:30 A.M. ET ("Call 110");

ggggg.      On or about May 25, 2011, at approximately 10:27 A.M. ET ("Call 111");

hhhhh.      On or about May 26, 2011, at approximately 10:30 A.M. ET ("Call 112");

iiiii.      On or about May 27, 2011, at approximately 10:28 A.M. ET ("Call 113");

jjjjj.      On or about May 28, 2011, at approximately 10:26 A.M. ET ("Call 114");

kkkkk.      On or about May 31, 2011, at approximately 10:28 A.M. ET ("Call 115");

lllll.      On or about May 31, 2011, at approximately 1:33 P.M. ET ("Call 116");

mmmmm.   On or about June 1, 2011, at approximately 10:38 A.M. ET ("Call 117");

nnnnn.   On or about June 2, 2011, at approximately 4:19 P.M. ET ("Call 118");

ooooo.   On or about June 6, 2011, at approximately 10:35 A.M. ET ("Call 119");

ppppp.   On or about June 6, 2011, at approximately 1:55 P.M. ET ("Call 120");

qqqqq.   On or about June 7, 2011, at approximately 10:33 A.M. ET ("Call 121");

rrrrr.   On or about June 8, 2011, at approximately 10:00 A.M. ET ("Call 122");

sssss.   On or about June 8, 2011, at approximately 1:00 P.M. ET ("Call 123");

ttttt.   On or about June 8, 2011, at approximately 4:00 P.M. ET ("Call 124");

uuuuu.   On or about June 8, 2011, at approximately 7:00 P.M. ET ("Call 125");

vvvvv.   On or about June 9, 2011, at approximately 10:29 A.M. ET ("Call 126");

wwwww.   On or about June 10, 2011, at approximately 10:28 A.M. ET ("Call 127");

37.     Each of the Calls was made to Tina Campanale's cellular telephone number 727.641.8485

38.     Each of the Calls was made by Defendant using an "automatic dialing system or artificial or pre-recorded voice," as defined by the TCPA, from telephone number 804.482.6667, unless otherwise known and indicated.

39.     Neither Tina Campanale nor Jack Campanale ever gave Defendant express consent to call Tina Campanale's cellular telephone using an automatic dialing system or to leave a message using a pre-recorded voice.

40.     Neither Tina Campanale nor Jack Campanale ever gave Defendant consent to communicate with Tina Campanale regarding the Debt.

41.     Each of the Calls was willfully made for the following purposes:

     a.     Asserting and alleging that Tina Campanale owed the Debt;

 b. Attempting to collect the Debt from Tina Campanale or Jack Campanale

 c. Harassing or abusing Jack Campanale.

**COUNT ONE:**
**UNFAIR DEBT COLLECTION PRACTICE –**
**<u>VIOLATION OF FLORIDA STATUTE § 559.72(7)</u>**

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

42. Defendant is subject to, and has violated provisions of, Florida Statute § 559.72(7) by collecting the Debt from Plaintiffs through means which can reasonably be expected to abuse or harass Plaintiffs.

43. Specifically with respect to Plaintiff Tina Campanale, despite Defendant knowing that Tina Campanale was not a party in interest to the Debt, Defendant called Tina Campanale at least one hundred twenty-seven (127) times in a period of four (4) months in an attempt to collect the Debt from Tina Campanale.

44. Specifically with respect to Plaintiff Jack Campanale, despite Defendant knowing that Jack Campanale's daughter did not owe Jack's debt, the Defendant called with Jack Campanale's daughter, Tina Campanale, with such frequency as could reasonably be expected to harass Jack and Tina Campanale.

45. Moreover, Defendant knowingly and willfully engaged in conduct, namely the repeated, continued autodialing of Debt collection calls to Tina Campanale, a person who, herself and through Undersigned Counsel, advised Defendant she did not owe the Debt and demanded that Defendant take her cellular telephone number out of its system and cease all

attempts to collect the Debt from her. Defendant, however, refused to cease and instead called her at least one hundred twenty (120) more times using an autodialer.

46.     Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statute § 559.72(7).

47.     As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT TWO:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTE § 559.72(9)

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

48.     Defendant is subject to, and has violated provisions of, Florida Statute § 559.72(9) by asserting the existence of a legal right with knowledge that such right does not exist.

49.     Specifically with respect to Plaintiff Tina Campanale, Defendant falsely asserted it had the right to continually attempt to collect the Debt from Plaintiff notwithstanding the fact that Defendant knew that Plaintiff did not actually owe the Debt. Defendant knew it did not have such a right.

50.     Additionally, Defendant falsely asserted it had the right to continue to communicate with Tina Campanale in an attempt to collect the Debt from Tina Campanale

notwithstanding Undersigned Counsel's representation of Tina Campanale with regard to the Debt. Defendant knew it did not have such a right.

51.    Specifically with respect to Plaintiff Jack Campanale, Defendant falsely asserted it had the right to attempt to collect the Debt from Jack Campanale's daughter, Tina Campanale, despite knowing that Tina Campanale did not owe the Debt. Defendant knew it did not have such a right.

52.    As a direct and proximate result of the Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

**COUNT THREE:**
**UNFAIR DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTE §559.72(18)**

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

53.    Defendant is subject to, and has violated provisions of, Florida Statute § 559.72(18) by intentionally and repeatedly communicating with Plaintiff Tina Campanale after being given actual notice that Tina Campanale was represented by counsel with regard to the underlying Debt.

54.    Specifically, despite having actual knowledge of Undersigned Counsel's representation of Tina Campanale with regard to the Debt, Defendant continued to call Tina Campanale at least one hundred twelve (112) times in an attempt to collect the Debt from Tina Campanale.

55.     As a direct and proximate result of Defendant's actions, Tina Campanale has sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

### COUNT FOUR:
### TELEPHONE COMMUNICATIONS PROTECTION ACT-
### <u>VIOLATION OF 47 U.S.C. 227(b)(1)(A)</u>

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

56.     Defendant is subject to, and has violated the provisions of, 47 U.S.C. 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to call Tina Campanale's cellular telephone without her prior express consent.  To the extent Defendant did have such prior express consent, such consent was revoked upon Defendant's first call to Tina Campanale wherein she told Defendant not to call her again

57.     Each of the Calls made to Tina Campanale's cellular telephone was a call knowingly, willfully, and consciously made in violation of the TCPA.

58.     As a direct and approximate result of Defendant's conduct, Tina Campanale has suffered:

      a.     The periodic loss of cellular telephone service;

      b.     Statutory damages under the TCPA;

      c.     The expenditure of costs and attorneys' fees associated with the prosecution of this matter, along with other damages which have been lost.

**WHEREFORE**, Plaintiffs request this Court enter a judgment against Defendant for $500.00 statutory damages per violation of the TCPA, treble statutory damages per knowing and willful violation of the TCPA, actual damages, costs, interest, including but limited to those awardable pursuant to the TCPA, and such other equitable relief this Court deems appropriate.

**COUNT FIVE:**
**<u>INVASION OF PRIVACY</u>**

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

59.     Defendant and its representatives intentionally interfered, physically or otherwise, with Plaintiff Tina Campanale's solitude, seclusion, and private concerns or affairs.

60.     Specifically, Defendant repeatedly and unlawfully called Tina Campanale's cellular telephone using an automatic dialing system at least one hundred twenty (120) times within a span of four months.

61.     Defendant's behavior constitutes an invasion of Tina Campanale's privacy as an intrusion into her seclusion. Moreover, Tina Campanale possessed a heightened expectation of privacy with respect to communications from Defendant regarding the Debt, as Defendant could not lawfully contact Tina Campanale after receiving actual notice of Undersigned Counsel's representation of her with regard to the Debt.

62.     Such invasions were unlawful, intentional, systematic, continuous, willful, and harassing, and were made with complete disregard of Tina Campanale's rights to privacy.

63.     All communications were made with the intent to invade Tina Campanale's

constitutional expectation of right to privacy and were made with malicious intent to infringe upon Tina Campanale's reasonable expectation of privacy in Tina Campanale's solitude, seclusion, and private concerns or affairs.

**WHEREFORE,** Plaintiffs request this Court enter a judgment against Defendant for damages, costs, attorneys' fees, and such other equitable relief this Court deems appropriate.

**COUNT SIX:**
**DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

64.     Unless Defendant is immediately enjoined from continuing to harass Plaintiffs in its attempts to collect the Debt from Tina Campanale, including but not limited to continuously calling Tina Campanale from an automated dialing system in an attempt to collect the Debt from her despite her repeated attempts to advise Defendant that she does not owe the Debt, Plaintiffs will suffer irreparable injury.

65.     Plaintiffs have no adequate remedy at law.

66.     Plaintiffs have a clear legal right to the protections of the FCCPA, and Tina Campanale has a clear legal right to the protections of the TCPA.

67.     The requested injunction is reasonably necessary to protect the legal rights of Plaintiffs and will have no adverse effect on the public welfare.

**WHEREFORE,** Plaintiffs respectfully request this court to enter a judgment against Defendant for the following:

   a.     Declaratory relief against Defendant for violations of the FCCPA;

   b.     Declaratory relief against Defendant for violations of the TCPA;

c.      Injunctive relief against Defendants for violations of the FCCPA and

TCPA; and

d.      Such other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

68.     Please take notice that Plaintiffs demand trial by jury in this action.


Respectfully Submitted,

**LEAVENGOOD & NASH**

   /s/ *Ian Leavengood*
**Ian R. Leavengood, Esq., FBN 0010167**
**LEAD TRIAL COUNSEL**
**Christopher C. Nash, Esq., FBN 0135046**
2958 First Avenue North
St. Petersburg, FL 33713
Phone:  (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
cnash@leavenlaw.com
Attorneys for Plaintiff


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing *Amended Complaint* has been furnished electronically or via U.S. Mail this 15th day of March 2012 to:

Christy T. Nash
Counsel for Defendant
Burr Forman
450 S. Orange Avenue, Suite 200
Orlando, FL 32801


   /s/ *Ian Leavengood*
Attorney