IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
FLORIDA
TAMPA DIVISION

TINA CAMPANALE and
JACK CAMPANALE			CASE NO. 8:11-cv-2490
individuals,

      PLAINTIFFS,

v.

CAPITAL ONE SERVICES, LLC
a foreign limited liability company,

      DEFENDANT.
_____/

**DEFENDANT CAPITAL ONE SERVICES, LLC'S
MOTION FOR PARTIAL DISMISSAL AND INCORPORATED
MEMORANDUM OF LAW**

Defendant Capital One Services, LLC (COSLLC) moves this Court for partial dismissal of Plaintiffs Tina and Jack Campanale's Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6).  In support thereof, COSLLC states as follows:

**Introduction**

The Campanales filed an Amended Complaint alleging that COSLLC called Ms. Campanale's cell phone to collect debt owed by her father Mr. Campanale. The Campanales assert six claims: (1) Violation of the Florida Consumer Collection Practices Act (FCCPA), F.S.A. § 559.72(7); (2) Violation of the Florida Consumer Collection Practices Act (FCCPA), F.S.A. § 559.72(9); (3) Violation of the Florida Consumer Collection Practices Act (FCCPA), F.S.A. § 559.72(18); (4) Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(3) (TCPA); (5) Invasion of Privacy; and

37867 v1

(6) Declaratory and Injunctive Relief. The Campanales' FCCPA and Invasion of Privacy claims should be dismissed because:

* \* Ms. Campanale cannot state an FCCPA claim upon which relief can be granted because she is not a "debtor" as the term is defined in the FCCPA and, as such, is not authorized to bring an FCCPA claim;

* \* Mr. Campanale cannot state an FCCPA claim upon which relief can be granted because he is a Georgia resident, not a Florida consumer.

* \* Ms. Campanale cannot state an Invasion of Privacy claim upon which relief can be granted because COSLLC did not physically invade her seclusion.

**Memorandum Argument and Citation to Legal Authority**

I. **MS. CAMPANALE CANNOT STATE AN FCCPA CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE SHE IS NOT A "DEBTOR" AS THE TERM IS DEFINED IN THE FCCPA AND, AS SUCH, IS NOT AUTHORIZED TO BRING AN FCCPA CLAIM**

Section 559.77 of the FCCPA establishes who can bring a claim for violation of the Act, stating "[a] debtor may bring a civil action against a person violating the provisions of § 559.72 in the county in which the alleged violator resides or has his or her principal place of business or in the county where the alleged violation occurred." F.S.A. § 559.72 (emphasis added). The FCCPA defines the term "debtor" as "any natural person obligated or allegedly obligated to pay any debt." F.S.A. § 559.55(2). Thus, being able to state an FCCPA claim requires that one either owe, or allegedly owe a debt.

This is important here because though Ms. Campanale advances the conclusory allegation that she "was alleged by the Defendant to be obligated to pay the Debt, and thus was a 'debtor' as defined by Florida Statute § 559.55," the factual allegations in the Complaint do not support the conclusory assertion. (See Compl. ¶ 10).

Pursuant to the teachings of this Court, it is the factual, not the conclusory allegations that matter. For example, in <u>Casey v. Hall</u>, this Court recognized that:

> Conclusory allegations [. . .] are not entitled to a presumption of truth. A claim is plausible where the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" [. . .] Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."

<u>Casey v. Hall</u>, No. 2:11-cv-588-FtM, 2011 WL 5583941, at *1 (M.D. Fla. Nov. 16, 2011) (internal citations omitted) (alteration added in part). This Court has also noted that:

> 'To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed.' The former rule-- that '[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief,'-- has been retired by <u>Twombly</u>.

<u>Donnel v. Puntu Gorda HMA, LLC</u>, No. 2:10-cv-785-FtM-29SPC, 2011 WL 3168144, at *1 (M.D. Fla. July 27, 2011) (internal citations omitted)).

Other than Plaintiffs' conclusory statements, there is no allegation in the Complaint that COSLLC ever alleged that Ms. Campanale owed any debt, or sought to hold her responsible for any debt. In fact, the allegations in the Complaint stand for a contrary conclusion. For example, Ms. Campanale claims that when COSLLC first allegedly called her cell phone, she told COSLLC "that it had the wrong number, but when she realized Defendant <u>was referring to her father</u>, she informed Defendant that her

father lives in another state and she does not have anything to do with his financial affairs." (Compl. ¶ 25 (emphasis added)). Similarly, in Paragraphs 26, 27 and 31 of the Complaint, Ms. Campanale simply alleges that she received "automated call[s]," and "followed the messages instructions to press '2' if the person was not Jack Campanale." (See, e.g., Compl. ¶¶ 26, 27, 31 (emphasis added)). While the Complaint alleges conclusory fashion that "[t]he calls cumulatively caused Tina Campanale to believe the Defendant alleged she owed the Debt," the factual allegations do not support this alleged belief or her conclusory assertion to this effect. (Compl. ¶ 24).

This Court's teachings make it clear that the factual, not the conclusory allegations are what determines whether a plaintiff states a claim upon which relief can be granted. There is simply no factual allegation advanced in the Complaint to support a conclusion that Ms. Campanale owed, or allegedly owed any debt. As such, she is not a "debtor," as the term is defined in the FCCPA, and, as a result, she cannot state an FCCPA claim against COSLLC.   Counts I, II and III should accordingly, be dismissed.

## II. MR. CAMPANALE'S FCCPA CLAIMS SHOULD BE DISMISSED BECAUSE HE IS NOT A FLORIDA RESIDENT.

According to the Complaint, Mr. Campanale "is a natural person residing in Gwinnett County, Georgia." (Compl. ¶3). When COSLLC allegedly called Ms. Campanale, she advised "that her father lives in another state." (Compl. ¶ 25). As the Florida Court of Appeals for the Fourth District held in Coastal Physician Services of Broward Co., Inc., "[the FCCPA is] for the protection of in-state consumers from either in-state or out-of-state collectors […] Other states can protect their own residents, as

Florida itself does with regard to out-of-state collectors." Coastal Physician Services of Broward Co., Inc., 764 So. 2d 7, 8 (4th DCA 1999) (citations omitted). See also Jones v. TT of Longwood, No. 6:06-cv-651-Orl-19DAB, 2006 WL 2789140 (M.D. Fla. Sept. 26, 2006) (citing Coastal Physician, supra.) ("The FCCPA seeks in part to protect Florida consumers from the illegal and unscrupulous practices of debt collectors and other persons"). Because Mr. Campanale is not a Florida consumer, he cannot state a claim for violation of the FCCPA. As such, his FCCPA claims (Counts I, II and III) must be dismissed.

### III. MS. CAMPANALE'S CLAIM FOR INVASION OF PRIVACY FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE COSLLC DID NOT PHYSICALLY INTRUDE INTO HER SOLITUDE.

Ms. Campanale also asserts a claim for invasion of privacy, however, she alleges that COSLLC "repeatedly and unlawfully called Tina Campanale's cellular telephone using an automatic telephone dialing system at least 120 times within a span of four months. Defendant's behavior constitutes an invasion of Plaintiff Tina Campanale's privacy as an intrusion into her seclusion." (Compl. ¶ 60, 61).

In Sampaio v. I.C. System, Inc., the plaintiff alleged that the defendant "left several pre-recorded messages on his voicemail [. . . and] intentionally caused [the plaintiff] harm by invading his privacy through the repeated telephone calls." Sampaio v. I.C. System Inc., No. 09-21698-CIV, 2009 WL 6800161, at *1 (S.D. Fla. Sept. 14, 2009) Ruling on the defendant's motion for judgment on the pleadings, the court noted that "[t]o prove the tort of invasion of privacy under Florida law, a plaintiff must demonstrate either physical intrusion or 'publicity in the sense of communication to the public in

general or to a large number of persons.' See id. "In this case, [the plaintiff] does not allege that I.C. Systems engaged in physical intrusion or publication that would satisfy this requirement." See id. The Court then granted judgment on the pleadings in the defendant's favor. See id.

This Court reached a similar conclusion in Oppenheim v. I.C. System, Inc., stating:

> Florida law defines intrusion as "physically or electronically intruding into one's private quarters." Even though publication is not required, the focus of the tort is nonetheless "the right of a private person to be free from public gaze." Oppenheim has not cited any Florida cases in which a debt collector was found liable for intrusion based solely on telephone calls to debtor's residence [. . .]

Oppenheim v. I.C. System, Inc., No. 8:09-cv-497-JDW-TGW, 695 F. Supp.2d 1303, 1308 - 1309 (M.D. Fla. 2010) (citations omitted)

> [T]he Florida Supreme Court in Ginsberg defined intrusion as "physically or electronically intruding into one's private quarters," which is significantly narrower than "one who intrudes physically or otherwise, upon solitude or seclusion of another or his private affairs or concerns [. . .]." See Restatement (Second) of Torts, § 652B. [Section] 652B has not been adopted in Florida. The Ginsberg definition therefore controls.

Oppenheim v. I.C. System, Inc., No. 8:09-cv-497-JDW-TGW, 695 F. Supp.2d 1303, 1308, n.2 (M.D. Fla. 2010) (citations omitted). Thus, Oppenheim confirms that stating an intrusion on seclusion claim requires that the defendant physically or electronically intrude on the plaintiff's private quarters. That did not happen here.

This Court also noted in <u>Oppenheim</u> that "[t]o constitute invasion of privacy, the intrusion must be highly offensive to a reasonable person," adding that "'[i]n measuring the unacceptable conduct upon which a claim is made,' causes of action for invasion of privacy 'share certain similarities' with claims for intentional infliction of emotional distress," i.e., the threshold test is "whether such behavior is 'so outrageous in character and extreme in degree as to go beyond all possible bounds of decency." <u>Oppenheim</u>, 695 F. Supp.2d at 1309.

Looking to Florida appellate court precedent for guidance, this Court noted the case of <u>Kent v. Harrison</u> "'in which a defendant initiated and for several months continued a campaign of telephonic harassment in the aftermath of a verbal conflict.'" <u>Oppenheim</u>, 695 F. Supp.2d at 1310. Holding that "thirty-five to forty telephone calls to [the plaintiff's] residence over a period of approximately three months were no more offensive than [a] 'campaign of telephonic harassment' which lasted for 'several months'" and was found to not support a claim for intentional infliction of emotional distress, the Court also quoted with approval the Florida appellate court's recognition that:

> we harbor no doubt that the telephone calls received by Kent were offensive and impaired him, his tranquility, and the peacefulness of his home. We are no less persuaded that Harrison's conduct was intentionally designed and undertaken to distress and annoy Kent. In fulfilling the responsibility assigned to us in <u>Metropolitan Life [Ins. Co.] v. McCarson</u>, however, we cannot conclude that such behavior was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Moreover, Kent's state of vexation, irritation, and agitation cannot be the foundation for a finding that Harrison's behavior is within the range marked out in <u>Metropolitan</u> by the standard of "atrocious and utterly intolerable in a civilized community."

<u>Oppenheim</u>, 695 F. Supp.2d at 1310 (internal citations omitted) (alteration added).

The teachings of <u>Sampio</u> and <u>Oppenheim</u> provide that Ms. Campanale cannot state a claim for intrusion on seclusion because COSLLC did not physically intrude on her seclusion. Additionally, according to <u>Oppenheim</u>, even if COSLLC's alleged conduct could constitute physical intrusion, which it does not, the alleged conduct placed at issue in the Complaint was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency," and to be considered "atrocious and utterly intolerable in civilized society." As such, Ms. Campanale's Invasion of Privacy Claim (Count V) must be dismissed.

Dated April 2, 2012.

Respectfully Submitted,

/s/ *Christy T. Nash*
Christy T. Nash (FL Bar No. 0550541)
BURR & FORMAN LLP
200 S. Orange Ave., Suite 800
Orlando, Florida 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601
Email: cnash@burr.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 2nd day of April, 2012, I caused a copy of the foregoing to electronically filed with the Clerk of Court using the cm/ecf system, which will provide electronic notice of the filing to the following: Ian R. Leavengood, Esq. LEAVENGOOD & NASH, 3900 First Street North, Suite 100, St. Petersburg, FL 33703, Telephone: (727) 327-3328, Facsimile: (727) 327-3305.

/s/ *Christy T. Nash*
Attorney