UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TINA CAMPANALE and**
**JACK CAMPANALE,**
**individuals,**

    **Plaintiffs,**

v.                                                       Case No. 8:11-cv-2490-T35-EAJ

**CAPITAL ONE SERVICES, LLC,**
**a foreign limited liability company,**

    **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Capital One Services, LLC's Motion for Partial Dismissal (Dkt. 18) and Plaintiffs' Response in Opposition thereto (Dkt. 21). Upon consideration of all relevant filings and case law, and being otherwise fully advised, the Court **DENIES** Defendant's Motion, as described herein.

**I. BACKGROUND**

On November 2, 2011, Plaintiffs filed a One Hundred and Thirty-One (131)-Count Verified Complaint (Dkt. 1) alleging that Defendant placed more than one hundred (100) phone calls to Tina Campanale's (Ms. Campanale) cell phone to collect a debt allegedly owed by her father Jack Campanale (Mr. Campanale). (Dkt. 1.) In Counts One (1) through One Hundred and Twenty-Eight (128), Plaintiffs alleged that each one of the Defendant's calls violates the Florida Consumer Protection Practices Act (FCCPA), FLA. STAT. § 559, et seq. (Dkt. 1 at 42-538.) Under each of those counts, Plaintiffs

1

sought "$1,000.00 in statutory damages, costs, interest, attorneys' fees, and other equitable relief this Court deems appropriate." (Dkt. 1.)  In Count One Hundred and Twenty-Nine (129), Plaintiffs alleged that Defendant's conduct violates the Telephone Consumer Protection Act (TCPA), 47 U.S.C. 227(b)(1)(A).  (Dkt. 1 at 539.)  Count One Hundred and Thirty (130) alleged Invasion of Privacy as to both Ms. Campanale and Mr. Campanale.  (Dkt. 1 at 542-547.)  In Count One Hundred and Thirty-One (131) Plaintiffs sought declaratory relief and injunctive relief against Defendant for violations of the FCCPA and the TCPA.  (Dkt. 1 at 548.)

On February 23, 2012, on stipulation of the parties, the Court granted Defendant's Motion to Strike Counts One (1) through One Hundred and Twenty-Eight (128) of Plaintiffs' Verified Complaint without prejudice.  (Dkt. 16.)  The Court allowed Plaintiffs to re-assert their FCCPA claims in an Amended Complaint.  The Court also dismissed Plaintiffs' Invasion of Privacy claims without prejudice as to Ms. Campanale and with prejudice as to Mr. Campanale.  The Court allowed Ms. Campanale to re-assert her common law Invasion of Privacy claim in the Amended Complaint.  Plaintiffs filed their Amended Complaint on March 15, 2012.  (Dkt. 17).  Plaintiffs' Amended Complaint contains six (6) Counts: (1) Violation of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat., § 559.72(7); (2) Violation of FCCPA, Fla. Stat. 559.72(9); (3) Violation of FCCPA, Fla. Stat. § 559.72(18); (4) Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(3) ("TCPA"); (5) Invasion of Privacy; and (6) Declaratory and Injunctive Relief.

Defendant filed the instant Motion to Dismiss on April 2, 2012 (Dkt. 18).  In its motion, Defendant argues that (1) Ms. Campanale cannot state an FCCPA claim upon

2

which relief can be granted because she is not a "debtor" as the term is defined in the FCCPA; (2) Mr. Campanale cannot state an FCCPA claim upon which relief can be granted because he is a Georgia resident, not a Florida consumer; and (3) Ms. Campanale cannot state an Invasion of Privacy claim upon which relief can be granted because Defendant did not physically invade her seclusion.

## II. DISCUSSION

The threshold for surviving a motion to dismiss for failure to state a claim under FED. R. CIV. P. 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only sufficient facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-62 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief. Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 555). In evaluating the sufficiency of a complaint in light of a motion to dismiss, the well pleaded facts must be accepted as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. The Court's consideration must be limited to the pleadings and any exhibits attached thereto. Ahern v. Fidelity Nat. Title Ins. Co., 664 F. Supp. 2d 1224, 1226 (M.D. Fla. 2009) (internal citations omitted) (citing GSW, Inc. v. Long Cnty. Ga., 999 F.2d 1508, 1510 (11th Cir. 1993)); see also Quality Foods, 711 F.2d at 994-95.

A.     Ms. Campanale's FCCPA Claims

Defendant argues that Ms. Campanale cannot state an FCCPA claim upon which relief can be granted because she is not a "debtor" as the term is defined in the FCCPA. The FCCPA regulates debt collection in Florida. Section 559.72(7) of the Act provides that a person collecting a consumer debt shall not "willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Section 559.77 of the Act states that "a debtor may bring a civil action against a person violating the provisions of s. 559.72 in the county in which the alleged violator resides or has his or her principal place of business or in the county where the alleged violation occurred." The FCCPA defines the term "debtor" as "any natural person obligated or allegedly obligated to pay any debt." FLA. STAT. 559.55(2). Thus, not only is the actual debtor protected under the Act, "an alleged debtor is [also] protected by the Act from the prohibited practices set forth [in subsection 559.72]." See Desmond v. Accounts Receivable Mgmt., 72 So. 3d 179, 181 (Fla. 2nd DCA 2011) (finding that alleged debtor whose identity was mistaken for that of the actual debtor by defendant could sue under the Act); see also Bryant v. Credit Adjustments, Inc., 2011 U.S. Dist. LEXIS 25834 (S.D. Fla. 2011) (finding that non-debtor had standing to sue under the FCCPA where non-debtor reasonably believed she was the person who allegedly owed the debt).

In this case, Plaintiffs allege that despite Defendant knowing that Ms. Campanale was not a party in interest to the debt, Defendant called Ms. Campanale at least one

hundred twenty-seven (127) times in a period of four (4) months in an attempt to collect the debt from Ms. Campanale. (Dkt. 17 at 43.) Plaintiffs further allege that the calls cumulatively caused Ms. Campanale to believe the Defendant alleged she owed the debt and that she had to choose between paying the wrongfully asserted debt and continuing to receive Defendant's misdirected communications. (Dkt. 17 at 24.) Accepting Plaintiffs' allegations as true, which the Court must do in deciding the motion to dismiss, the Court finds that Plaintiffs have properly pled an FCCPA claim. Accordingly, Defendant's Motion to Dismiss Ms. Campanale's FCCPA claims is **DENIED**.

### B. Mr. Campanale's FCCPA Claims

Defendant argues that Mr. Campanale's FCCPA claims should be dismissed because Mr. Campanale is not a Florida resident. To support its contention, Defendant cites to Coastal Physician Servs. of Broward Cnty. v. Ortiz, 764 So. 2d 7 (Fla. 4th DCA 1999) and Jones v. TT of Longwood, Inc., 2006 WL 2789140 at *5 (M.D. Fla. 2006). In Coastal, the Florida Fourth District Court of Appeals held that "[the FDUPTA and FCCPA] are for the protection of in-state consumers from either in-state or out-of-state debt collectors […]. Other states can protect their own residents, as Florida itself does with regard to out-of-state collectors." 764 So. 2d at 8. Six years after Coastal, in Jones v. TT of Longwood, Inc., 2006 WL 2789140 (M.D. Fla. 2006), the court, citing Coastal, stated that "[t]he FCCPA seeks in part to protect Florida consumers from the illegal and unscrupulous practices of debt collectors and other persons."

Over a year after Coastal was decided, the Florida Third District Court of Appeals, in Millennium Commc'n & Fulfillment, Inc., v. Office of the Attorney General,

rejected the holding in Coastal that the FDUPTA only protects in-state consumers. Citing to the FDUPTA, the court in Millennium stated: "[conspicuously absent from this chapter … is any language which purports to confine the provisions of FDUPTA or limit the Department's enforcement authority to commercial transactions involving only Florida residents." 761 So.2d at 1261.  While Millennium's holding was entered with respect to the FDUPTA, the Court finds its reasoning persuasive in this case.  The court in Coastal cited to section 559.55(6) of the FCCPA to support its finding that the Act is for the protection of in-state consumers only.  Section 559.55(6) defines who is a "debt collector" under the Act.  It states:

> Debt collector means *any* person who uses any instrumentality of commerce within this state, *whether initiated from within or outside this state,* in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes *any* creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts…

The Court finds that the language of section 559.55(6) does not limit the protection of the Act to in-state residents only.  Further, as stated above, the FCCPA defines the term "debtor" as "*any* natural person obligated or allegedly obligated to pay any debt."  FLA. STAT. 559.55(2). Thus, the plain language of the statute contains no residential restrictions.  See Messmer v. Teacher's Ins. Co., 558 So. 2d 610, 612 (Fla. 5th DCA 1991) (plain meaning of word should apply in the absence of language altering or limiting the plain meaning).  Accordingly, Defendant's Motion to Dismiss Mr. Campanale's FCCPA claims is **DENIED**.

C. <u>Invasion of Privacy Claim</u>

Defendant contends that Ms. Campanale's claim for invasion of privacy fails to state a claim upon which relief can be granted because Defendant did not physically intrude into Ms. Campanale's solitude. Florida recognizes three categories of privacy torts: (1) appropriation--the unauthorized use of a person's name or likeness to obtain some benefit; (2) intrusion--physically or electronically intruding into one's private quarters; (3) public disclosure of private facts--the dissemination of truthful private information which a reasonable person would find objectionable. <u>Oppenheim v. I.C. System, Inc.</u>, 695 F.Supp. 2d 1303, 1308 (M.D.Fla. 2012). In this case, Plaintiffs allege that Defendant repeatedly called Ms. Campanale's cellular phone using an automatic system at least one hundred twenty (120) times within a span of four months. Plaintiffs further allege that Defendant continued to call Ms. Campanale even after Ms. Campanale's attorney informed Defendant that Ms. Campanale was being represented by counsel with regard to the alleged debt. Plaintiffs have properly pled a cause of action for invasion of privacy. Therefore, Defendant's Motion to Dismiss Plaintiffs' invasion of privacy claim is **DENIED**.

**III. CONCLUSION**

Accordingly, based on consideration of the foregoing, Defendant's Motion for Partial Dismissal (Dkt. 18) is **DENIED**. Defendant is **DIRECTED** to answer Plaintiffs' Amended Complaint within **fourteen (14)** days of the date of this Order.

**DONE** and **ORDERD** in Tampa, Florida on this 5th day of June 2012.

/s/ Mary S. Scriven
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any Unrepresented Parties